MAY TERM 1835.

Fowler
v.
Watson.

---

JAMES D. FOWLER v. THOMAS WATSON.

1. All writs must run in the name of the state—and the state and county being placed in the margin and seperated by a line from the commencement of the writ, is not a running in the name of the state.

APPEAL from the Chariton circuit court.

Opinion of the court delivered by TOMPKINS.

Fowler sued Watson before a justice of the peace where Watson had judgment, and Fowler appealed to the circuit court. In that court, Watson moved to dismiss the appeal, and the court on his motion did dismiss it. To reverse the judgment of the circuit court, Fowler appeals to this court. On inspection of the transcript of the papers sent up to the circuit court by the justice, we find that the summons reads thus:

"STATE OF MISSOURI, }
   County of Chariton.      }

To the Constable of Prairie township—Greeting:

SIR—You are hereby commanded," &c.

The Constitution of the State requires that all "writs and process" shall run in the name of the State of Missouri. See 19th section of 5th article of the constitution. The form of a summons (see section 3 of the act to establish justices courts passed 21st Feb. 1825) made con-

*All writs must run in the name of the state—and the state and county being placed in the margin and separated by a line from the commencement of the*

MAY TERM
1835.

writ, is not a running in the name of the state.

formably to the constitutional requisition, is in these words:

"THE STATE OF MISSOURI, To the Constable of township in the county of

In the case before this court the writ runs in the justice's name. There being no writ of the State to bring the defendant before the justice all the proceedings in this cause are void.

The circuit court did not err in dismissing the cause. Many cases of this kind have been decided by this court. See Charless v. Marny 1st vol. Missouri decisions, and the case of Strut and Beckett, which was decided at Fayette last year, but is not published. For the reasons above given the judgment of the circuit court is affirmed.