GILBREATH
·vs.
KUYKEN-
DALL

OLIVER GILBREATH *against* JAMES KUYKENDALL.

ERROR *from Crawford Circuit Court.*

On judgment by default, the defendant below is entitled to all legal exceptions
to the writ and service thereof.

The return of the Sheriff must show with reasonable certainty, the time,
place, and manner of the service, and the name of the person upon whom
it is made.

"Served this Summons right, by reading it to him," is not a sufficient service.

A writ running in the name of the United States of America, issued after
the 15th June, 1836, is void.

This was an action of debt commenced in Crawford Circuit Court.
Judgment was taken by default, and writ of error prosecuted by *Gil-
breath*, defendant below. The case was submitted without argument.

WALKER and FOWLER, for the plaintiff: This was an action of
debt brought by *Kuykendall* against *Gilbreath*, in the Circuit Court of
Crawford county, *State* of Arkansas; and judgment rendered against
*Gilbreath*, in the December term thereof, 1836, by default.

It is contended, for the plaintiff in error, that the declaration was
not sufficient in law, because there was no proper venue: the declar-
ation should have alleged that the contract, &c., was made in Craw-
ford county, *State* of Arkansas, to show that it was within the juris-
diction of the Court; said suit having been instituted *after* the admis-
sion of Arkansas into the Union as a *State*. See *State Const., Sched-
ule*, sec. 1.—*Act of Congress of June* 15, 1836.

It is also contended that the writ is void because it does not run in
the name of the "*State of Arkansas*." Arkansas being a sovereign
State, and her Constitution in full force from and after the 15th of
June, 1836, the date of her admission into the Union. See *Act of
Congress* and *State Constitution*, article 6. sect. 14, p. 16.

It is also contended that said original writ is a nullity and void, be-
cause, 1st. It was not issued by any officer known to the Constitution,
or in or returnable to any court known to the Constitution, as appears
from the face of the writ. 2d, It is not made returnable to the term
next after its date; or to the second term after its date. 3d, It is not
made returnable to any term fixed by law for holding said Circuit
Court. The writ bears date, August 18, 1836, and is returnable "on
the first day of our next September term, it being the fourth Monday

of August *next;*" consequently returnable in *August,* 1837, *eight* LITTLE ROCK, months *after* judgment appears to have been given. *Pope, Steele* Jan'y 1838. *& McC's. Dig.* p. 313, sec. 1, 3, 4; p. 320, sec. 18; *Acts of* 1835, p. GILBREATH. 76, sec. 2; *Johns. Dig.* 503; 2 *Johns. Rep.* 190; 4 *Johns. Rep.* 309. KUYKEN- DALL.

vs.

It is also contended that there was no service of the writ and *declaration,* legal or illegal; and as *Gilbreth* did not appear to cure the want of service, judgment against him was clearly error. *Pope, Steele* and *McCampbell's Dig.* p. 317, sec. 10.

It also appears that the contract given in evidence was not under seal, while the one declared on was under seal, and that such variance is fatal. And if it be a writing obligatory, it is one with conditions, which conditions should have been stated and breaches assigned, before judgment. And whether under seal or not, *on default,* it is such an instrument as would require the intervention of a Jury to assess the damages, at the *next* term *after* the default. 1 *Saunders' Rep.* 51 to 58. *Gainsford* vs. *Griffith; Pope and McCamp. Dig.* p. 322, sec. 24; p. 348, sec. 95. Cases in this Court, *Campbell and wife* vs. *Strong,* and *Robbins and Reese* vs. *Horner.*

CUMMINS and PIKE, *contra.*

RINGO, *Ch. J.,* delivered the opinion of the Court: This is a writ of error with supersedeas to a judgment by default in an action of debt, obtained by *Kuykendall* against *Gilbreath,* in the Crawford Circuit Court. The suit was commenced and the writ bears date on the 18th day of August, 1839, and commences as follows, to wit:

"TERRITORY OF ARKANSAS,}
County of Crawford. }

"The United States of America to the Sheriff of Crawford county, "Greeting: You are hereby commanded to summon *Oliver Gilbreath,* "if he be found in your bailiwick, to appear before the Judge of our "Circuit Court, at the court-house in the county aforesaid, on the first " day of our next September term, it being the fourth Monday of "August next, then and there to answer *James Kuykendall,*" &c.

The Sheriff's return to the writ, is in these words, to wit: " Served "the within summons *rite,* by reading the same to him in presence of "*A. Boyd* and *James Rise. Richland township, Crawford county,* "*Arkansas Territory, August* 28th, 1836.

"JESSE MILLER, deputy Sheriff.
"WM. P. MOORE, *Sheriff.*"

LITTLE
ROCK,.
Jan'y 1838.

GILBREATH
vs.
KUYKEN-
DALL.

The defendant below failed to appear, and final judgment by default was given against him at the December term, 1836, for the debt mentioned in the declaration, and damages for the detention thereof, with costs of suit. Several errors have been assigned, most of which it is unnecessary to mention. The second is to the effect that the writ runs in the name of the "United States of America," when it should have run in the name of the "State of Arkansas." And the fourth states, in substance, that it appears that there was no legal service of the writ and declaration on *Gilbreath*, and that he did not appear to the action. The questions raised by these assignments of error, may well be considered together; for if the writ was void, or not legally executed on the defendant below, he was under no legal obligation to appear or answer the plaintiff's action, and could not be considered as in default in failing to do so. The defendant's right to insist upon a valid writ and legal service thereof upon him, before he was bound to appear, or subject to the consequences of a legal default for not appearing, unless waived by himself, must be admitted. No such waiver, either in fact or in law, expressed or implied, is shown by the record, and none can be presumed. Consequently, as the defendant below did not appear, he must be regarded as entitled to the benefit of all legal exceptions to the writ and service thereof.

We will now proceed to examine the writ and return, and see how far they justify and support the judgment given thereupon by the court below. The writ was an ordinary summons. By the act of 1807, sec. 10 in *Steele and McCampbell's Dig.* of the laws of Arkansas, pages 316, 317, yet in force in this State, it is provided that "The service of a summons shall be by reading the writ, declaration, "petition, or statement, to the defendant, or delivering him a copy "thereof, or leaving such copy at his usual place of abode with some "person of the family above the age of fifteen years, and informing "such person of the contents thereof; such service to be at least "fifteen days before the return day thereof."

This statutory provision furnishes the only rule by which the officer executing the summons must be governed. He must conform to the directions there given, and any material variation therefrom, will vitiate the service. His return ought to show, with reasonable certainty, the time, place and manner of the service, and the name of the person or party upon whom it is made, so that it may appear to the court that the service was made in conformity with the provisions of the

statute upon the person or party named in the writ, at a proper time, and within the jurisdiction of the officer making it. By comparing the return of the Sheriff to the writ in this case, with the statutory provisions above recited, it appears, manifestly, that the service was not made in the manner directed. The summons, only, and not the writ and declaration, as required by the statute, was read; but to whom that was read, does not appear by the return: and for aught that does appear, the writ may have been read to some person not named in it: we will not presume the fact to have been so; yet such might have been the case, and every thing stated in the return be true. The service was, therefore, not only not in conformity with the provisions of the statute, but the return thereof by the Sheriff is too indefinite and uncertain to be the foundation of a judgment by default. By the Constitution of this State, under the title *Judicial Department*, sec. 14, page 16, it is declared that "all writs and other process shall run in the name of the State of Arkansas, and bear *teste* and be signed by the Clerks of the respective courts from which they issue." The first section of the Schedule to the Constitution, page 19, declares, "That no inconvenience may arise from the change of government, " we declare that all writs, actions, prosecutions, judgments, claims, "and contracts of individuals and bodies corporate, shall continue as "if no change had taken place; and all process which may be issued "under the authority of the Territory of Arkansas *previous to the ad-* "*mission of Arkansas into the union of the United States,* shall be as "valid as if it issued in the name of the State." By act of Congress, approved June 15th, 1836, Arkansas was admitted into the union of the United States as a sovereign and independent State. From that period the Constitution has been in full operation as the paramount law of the State. The provision first quoted, requires that all writs and other process shall run in the name of the State of Arkansas, and the declaration in the Schedule only applies to writs and process issued "previous to the admission of Arkansas into the union of the United States." This writ was issued more than two months after the admission of Arkansas into the Union, and does not run in the name of the State of Arkansas, as required by the Constitution; and for that reason it is void. Other exceptions to the writ have been assigned by the plaintiff in error, which it is unnecessary to notice, as we consider the writ void, and the service thereof entirely insuffi- cient, for the reasons above stated.

LITTLE
ROCK,
Jan'y 1838.

GILBREATH
vs.
KUYKEN-
DALL

The judgment of the court below must therefore be reversed, with costs; but as the plaintiff in error has now made himself a party to the suit, by voluntarily appearing and prosecuting his writ of error, according to the rule of practice established in similar cases by the Court of Appeals of Kentucky, in which we fully concur, he must, upon return of the case to the court below, be considered as regularly before the court, in like manner as if he had been duly served with process to appear at the term to which the cause is returned.

The case must therefore be remanded to the Crawford Circuit Court, to be proceeded in by that court, at the next regular term thereof, as if the defendant below was duly served with process returnable thereto.