SAMUEL ESTILL *against* BENJAMIN BAILEY.

ERROR *to Chicot Circuit Court.*

LITTLE
ROCK,
July, 1838.

ESTILL
*vs.*
BAILEY:

A writ issued since the admission of Arkansas into the Union, is void if it do not run in the name of the State.

After a reversal on this ground, the plaintiff in error will be considered as regularly before the Court below, and must appear and defend as if he had been served with valid process.

This was an action of debt brought in the Court below by *Bailey* against *Estill,* and a writ of summons issued, commencing as follows:

"STATE OF ARKANSAS, ⎱ *The United States of America,*
   "COUNTY OF CHICOT. ⎰

*To the Sheriff of Chicot County*—GREETING:"

At the return term, the defendant below appeared, and moved to "dismiss the writ, for defects and informalities on its face." This motion was overruled by the Court, and thereupon the defendant below permitted judgment to go against him by default, and brought his writ of error to reverse the judgment for error in the overruling of the motion to dismiss. The writ original bore date February 20, 1837.

TRAPNALL and COCKE, for the plaintiff in error:

The Constitution of the State requires that all writs should run in the name of the State of Arkansas. This writ does not run in the name of the State of Arkansas, but in the name of the United States, and therefore the writ should have been quashed.

The motion is to dismiss the suit. The writ is the commencement of the suit, and the foundation upon which it rests. If the writ be void, of course there is no suit; and therefore the motion to dismiss the suit for the want of a sufficient writ is correct. The technical wording of the motion is to set aside the proceeding, which is the same thing. See 6 *Mon.* 560; 2. *J. R.* 190, *Bunn* v. *Thomas;* 2 *Ld. Raym.* 775; 4 *J. R.* 309, *Bank* v. *Bernard;* 5 *J. R.* 233, *Morrill* v. *Wagner;* 1 *Tidd* 182, 188, 192; *Gould's Pl.* 27.

FOWLER, *Contra:* In this case the plaintiff relies on a single error assigned, which supposed error, the defendant contends, does not exist in the record. The defendant admits that the writ should run in the name of "The State of Arkansas," and contends that the writ in this case does. The words "The United States of America" in the commencement, are but surplusage, and cannot vitiate, nor are they re-

LITTLE
ROCK,
July, 1838.

ESTILL
*vs.*
BAILEY.

pugnant to the words "*The State of Arkansas*," which are also used in conformity with the State Constitution. The two phrases may well stand together. Unmeaning technicalities should be discountenanced.

It is also insisted that the *appearance* of *Estill* in the Court below, cured the irregularity in the writ, if any existed.

LACY, *Judge*, delivered the opinion of the Court:

This case was an action of debt brought by *Benjamin Bailey* against *Samuel Estill* in the Chicot Circuit Court. The defendant by his attorney moved the court to dismiss the suit; but the motion was overruled and judgment entered up against him by default. To reverse the judgment, he has sued out his writ of error, and now prosecutes it in this court.

There is but one point raised by the record or the assignment of error; and that has been fully decided in the case of *Gilbreath* vs. *Kuykendall*. See 1 *Pike's Rep.* 50, 51, 2, 3. The writ bears date on the 20th of February, 1837, and it runs in the name of the United States of America. It was issued since the admission of Arkansas into the Union; and of course should have run in the name of the State; for, by the 14th Section of article VI. of the Constitution, it is declared that "all writs and other process shall run in the name of the State of Arkansas." And as this writ does not, it is therefore null and void, and the judgment below must be reversed with costs. But as the plaintiff in error has voluntarily made himself a party to the suit by appearing and prosecuting this writ; he must now be considered as regularly before the court below as if he had been duly served with a valid process to appear at the term to which the cause was returnable.

The case must therefore be remanded to the Chicot Circuit Court, to be proceeded therein agreeably to this opinion.