JOHNSON ET AL. *against* THE BRANCH OF THE STATE BANK

AT BATESVILLE.

ERROR *to Independence Circuit Court.*

Under the Territorial Statute, where the writ was served by leaving a copy at the residence of the defendant, it was necessary for the return to show that the person with whom it was left was over 15 years of age.

Judgment by default. The writ was issued and served under the Territorial Statute. The Sheriff returned, that he executed the writ and declaration on some of the defendants, by reading; and on one other, "by leaving a copy of the declaration and writ with one of his family at his residence, and informing them the contents thereof, as the law directs."

BYERS, for plaintiffs in error:

By reference to *Steele & McCampbell's Digest, pages* 316, 317, we find it provided, that "The service of a summons shall be by reading the writ, declaration, petition or statement, to the defendant, or delivering him a copy thereof, or leaving such copy at his usual place of abode, with some person of the family above the age of fifteen years, and informing such person of the contents thereof, such service to be atleast fifteen days before the return day thereof."

This Court, in the case of *Gilbreath vs. Kuykendall,* 1 *Ark. Rep.* 52, say that "this statutory provision furnishes the only rule by which the officer executing the summons must be governed. He must conform to the directions there given, and any material variation therefrom, will vitiate the service."

This service is not in conformity with the Statute. It does not show that it was executed within Randolph county. Neither does it show that the writ and declaration were read to the plaintiffs in error. The return only states that they were read in their presence and

Johnson et al. *against* the Branch of the State Bank at Batesville.

hearing. The service upon John L. Johnson is certainly bad. The Statute requires, when service is made by leaving a copy at the usual place of abode, it shall be left with some one of the family over fifteen years of age, and the contents explained, &c. This does not appear upon the return, and according to the rule laid down in the case of *Gilbreath vs. Kuykendall,* this case must be reversed.

HEMPSTEAD & JOHNSON, *Contra :*

DICKINSON J., delivered the opinion of the Court:

The old Statute, Steele & McCampbell's, was in force at the time this suit was instituted, and is imperative that, if the service by the Sheriff is not personal, the copy must be left at the usual place of abode of the defendant with some person of the family *above the age of fifteen years.* The return does not show that the person, with whom it was left, was above fifteen years of age. The same question was decided in the case of *Gilbreth vs. Kuykendall,* 1 *Ark. Rep.* 50: and in accordance with the decision in that case, the judgment of the Circuit Court of Independence county must be reversed. The other questions raised cannot properly be looked into as they are now presented.

The case will therefore be remanded to the Court from whence it came to be proceeded in according to law, at the next regular term of that Court, as if the defendants below were all duly served with process returnable thereto.