HIRAM G. FERRIS, plaintiff in error, *v.* DAVID CROW, defendants in error.

*Error to Hancock.*

A fee-bill, to have the force and effect of an execution, should run in the name of "*The People of the State of Illinois.*"

The Legislature may prescribe its own means for the collection of fee-bills, but it cannot dispense with a constitutional provision, which becomes a matter of substance and must be pursued.

EJECTMENT, in the Hancock Circuit Court, brought by the plaintiff in error against the defendant in error, and heard

Ferris *v.* Crow.

before the Hon. Norman H. Purple, at the September term, 1848, when a judgment was rendered against the plaintiff for costs.

So much of the evidence as relates to the only point in controversy, and is necessary to the determination of the cause, is stated in the Opinion of the Court.

*C. A. Warren & O. C. Skinner,* for the plaintiff in error, made the following points, and cited the Revised Statutes, p. 251, 39.

1.   A fee bill is not made an *execution* or *process,* but it is to have the *force* and *effect* of, do and perform the functions of an execution.

2.   The 28th section provides that a "copy or *transcript* of such bill of costs from the fee book shall have such effect. That process, in the sense contended for, as prescribed in the Constitution, is not intended by the Legislature, is apparent from the 29th section, where its object will be seen to differ from that of an execution which might have been issued with it.

3.   The Legislature is competent to provide such means as its wisdom may deem expedient, and land may be sold without process, either by judgment alone, by decree, by the Master in Chancery, by precept, as in modern tax sales, or by the Auditor, as in old tax sales.   Are such sales all void ?

The fee bill would be neither copy or transcript of costs in book, if it did run as the book does not, "in the name of the People," &c.

*Process,* as recognized by the Common Law, is so intended by the Constitution.

*O. H. Browning & N. Bushnell,* for the defendant in error.

The fee bill under which the sale of the land in controversy was made, was void, as not running in the name of the People, as required by the Constitution. R. L. 42, Art. IV, §7.

The fee bill is by the statute made process.   When delivered as an execution, it is declared t o have the force and

effect of an execution. ib. 296, §§ 6, 7, 8. And it has, in several cases, been decided by this Court to be subject to the usual incidents, and subject to the various statutory provisions relating to executions. Bre. Ap. 16, 19, 20; *The People*, &c. v. *Roper*, 4 Scam. 560.

An execution is final *"process,"* (3 Black. Com. 279,) or, as it is sometimes called, a judicial writ. 2 Duer's Prac. 285.

Where a Constitution or a statute in relation to Courts or process, &c., makes use of technical terms, the words will be taken as used in their technical sense. *Merchant's Bank* v. *Cook*, 4 Pick. 411; *Bedell* v. *Janney*, 4 Gilm. 205. The Common Law will determine their meaning. Ex parte *Dorsey*, 7 Ala. 303–4, 371; *Mayo* v. *Wilson*, 1 New Hamp. 55, 56.

There is hence no ambiguity in the meaning of the words *"writ"* or *"process,"* and in such case the will of the people, as expressed in the Constitution,.must be carried out by the Courts. 2 Peters, 662; 3 A. K. Marsh, 489; 1 Pick. 45; ib. 250; 9 Porter, 266.

The requisition of the Constitution, that writs and process shall run in the manner specified, is not open to equitable construction. It is one of those purely arbitrary regulations in which *form* becomes *substance,* and must be literally pursued in the manner prescribed. Bre. 4; 15 Verm. 72; 22 Pick. 387; 1 East, 64; 1 Cowp. 32; 1 Scam. 323; 20 Wend. 249; 11 Mass. 281.

In pursuance of these principles, the question now before the Court has been frequently decided in this country. In every instance where the question has arisen, it has been uniformly decided that an execution or writ not running in the name of the People or State, where it was required by the Constitution, is null and void. 2 Gilm. 670; 1 New Hamp. 139; 9 Pick. 446; 1 Missouri, 537; 4 do. 27; 5 do. 227; 1 Ark. 53; ib. 131; 5 do. 104.

The Opinion of the Court was delivered by

TRUMBULL, J. This was an action of *ejectment,* and the plaintiff, in deducing title to the land in question, offered in evidence as the foundation of a Sheriff's deed, a judgment and a fee bill under which the land had been sold.

The fee bill was a copy of the bill of costs from the fee book of the clerk, and contained a direction to the Sheriff to collect the amount thereof, but did not run in the name of "The People of the State of Illinois." The Circuit Court refused to admit the fee bill in evidence, whereby the Sheriff's deed founded upon it became also inadmissible, and the plaintiff's chain of title being thereby broken, judgment was rendered against him for costs.

The plaintiff assigns for error the refusal of the Circuit Court to admit the fee bill in evidence, and that is the only point in the case.

The Constitution provides, that "all process, writs and other proceedings, shall run in the name of 'The People of the State of Illinois.'" This fee bill does not so run, but it is insisted that a fee bill is neither process nor a writ, and that if it run in the name of the "The People," &c., it would not be a copy of the bill of costs, and hence, not consistent with the 28th sec. of the 41st ch. Rev. Stat., which authorizes the clerk to make out and deliver to the Sheriff, or any constable, "a copy or transcript" of the bill of costs, which shall have the force and effect of an execution and be collected as such.

Secondly, that the Legislature is competent to prescribe such means as its wisdom may suggest for the collection of fee bills.

If a precept issued to a sheriff, which has the force and effect of an execution, and under and by virtue of which, the sheriff collects the amount of money therein specified, is neither a writ nor process, we are at a loss to know what it is. Literally, it answers to the meaning of writ or process, and in law, it has the effect of an execution, which is certainly a writ or process, if there be such words.

It is a misapprehension to suppose that the fee bill would cease to be a copy of the bill of costs because it had prefixed to it the words "The People of the State of Illinois." It might as well be contended that it was not a copy because it had annexed to it the certificate of the clerk, and a direction to the sheriff to make the money, which appear annexed to

the fee bill in this very case, and which would render it void, if the position be correct that the fee bill must be a copy of the bill of costs from the fee book of the clerk, having neither beginning nor ending to show what it is. Such is not the meaning of the statute, nor is a fee bill any the less a copy of the items of costs, because it has prefixed to it the words "The People of the State of Illinois," and has annexed at the foot the certificate of the clerk, stating it to be a copy from his fee book, and commanding the sheriff to make the money.

As to the authority of the Legislature to prescribe its own means for the collection of fee bills, it is certain that when a writ or process is issued for that purpose, it cannot dispense, if it would, which it has not, with the constitutional requirement that such writ or process must run in the name of the People. This is not a question that admits of argument. It is enough that the Constitution has so declared; why it has so provided is not for the Courts to inquire, nor is it in the power of the Courts to dispense with the requirement. A particular form, when prescribed by the Constitution, becomes matter of substance, and must be pursued.

Although we feel no difficulty in determining, upon principle, that the fee bill in this case was void, and therefore properly excluded when offered in evidence, still, it may not be amiss, in addition to an authority in our own Court, (2 Gilm. 560,) to refer to several other cases decided in other States, upon similar provisions in their Constitutions.

The Constitution of Arkansas declares that "all writs and other process shall run in the name of the State of Arkansas." Writs which did not so run were held void, by the Supreme Court of that State. *Gilbreath* v. *Kuykendall*, 1 Ark. 50; *Estell* v. *Baily*, ib. 131.

The Supreme Court of New Hampshire, in the case of *Hutchins* v. *Edson*, 1 New Hamp. 139, in construing that clause of their Constitution which requires that "all writs shall be under the seal of the Court whence they issue," held that a writ not under seal was "no better warrant for an arrest than a piece of blank paper," and that "an Act of

the Legislature directing the Courts to issue writs without seal would be repugnant to the Constitution, and void. "

The Constitution of Missouri declared, "all writs and process shall run in the name of the State of Missouri. " The Courts of that State have held, in a number of cases, that writs which did not so run, and all the proceedings founded upon them, were void. *Fowler* v. *Watson*, 4 Missouri, 27; *Little* v. *Little*, 5 do. 227.

If there was any doubt as to the effect of omitting to make a writ or process run in the name of the People, it ought surely to be removed, by reference to the foregoing decisions, made by different State Courts upon clauses in their Constitutions, in this respect precisely analogous to that in our own.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*