*In the matter of the Petition of* FRANK FARR *for a Writ of Habeas Corpus.*

1. REPLEVIN — *Delivery of Property* — *Practice.*   In an action to recover the possession of specific personal property, the court, or judge in vacation, may, for good cause shown, before judgment, compel the delivery of the property to the officer, or party entitled thereto, by attachment, and may examine the defendant as to the possession or control of the property. (*Civil Code*, § 188.)

2. ATTACHMENT, *to Compel Delivery.*   If the defendant, after the commencement of an action to recover the possession of specific personal property, willfully removes or conceals the property, with the intent that it shall not be found or taken by the sheriff, an order of

attachment may be issued by the court or judge against the defendant to compel the delivery of the property, upon an application of the plaintiff therefor, supported by affidavit showing such removal or concealment.

3. ORDER — *Journal Entry — Commitment, Form of.* Where the attachment of a defendant is ordered by a district judge at chambers or in vacation, under the provisions of § 188 of the civil code, the order of the judge should be entered by the clerk in the journal of the court where the action to recover the personal property is pending, and the commitment of the defendant should be issued in the name of "The State of Kansas," by the clerk of the court, and signed by him, with the seal of the court attached.

## Original Proceeding in Habeas Corpus.

ON November 7, 1888, N. R. Waterman and E. D. Waterman, partners as Waterman Bros., commenced their action against Frank Farr in the district court of Lincoln county, to recover the possession of two mares, one black and the other of light-roan color; and also of certain other personal property. Upon an affidavit and undertaking being filed therefor, they obtained an order for the delivery of the specific personal property described in the petition. The summons in the case was served on November 8, 1888, by leaving a copy at Farr's usual place of residence in Lincoln county. The sheriff, not being able to find the property described in the order of delivery, returned the writ on November 14, 1888, indorsed: "Received this writ November 7, 1888. Found none of the within-described property.—THOMAS BOYLE, *Sheriff*, by E. S. ADANSOM, *Under-Sheriff."* On November 26, 1888, Waterman Bros. presented to the district judge of Lincoln county, at chambers, their application, supported by affidavit, alleging that Farr had knowingly concealed the property described in the order of delivery, for the purpose of preventing it from being taken under the process of the court; that knowing where the property was, he refused to deliver it to the sheriff, or disclose its whereabouts, and asking that an attachment issue against Farr; and, upon a hearing, that he be required to disclose where the property was. The district judge, after inquiring into the matter, found that an attachment ought to

issue for the arrest of Farr, and upon the 26th day of November, 1888, made an order accordingly; thereon, A. W. Elgin, the clerk of the district court, on the 27th day of November, 1888, issued an order directed to the sheriff of Lincoln county to arrest Farr and bring him before the district judge. It seems that Farr, under that order, was arrested in Graham county, but escaped into Russell county. Subsequently, and on the 4th of December, 1888, another order of attachment was issued by A. W. Elgin, as clerk of the district court, and under that order Farr was arrested in Lincoln county and taken into custody by the sheriff of that county; on the said 4th of December the district judge of Lincoln county directed the sheriff of that county to produce Farr before him at the court house in Salina, to answer concerning the property sought to be taken under the order of delivery; about the same time, the probate judge of Lincoln county issued a writ of *habeas corpus*, commanding the sheriff of that county to produce Frank Farr before him at ten o'clock on December 5, 1888; on December 6, 1888, the plaintiffs appeared in person, and also by their attorneys, Garver & Bond, and the defendant in person and by his attorney, David Ritchie, before the district judge of Lincoln county, at chambers at Salina; the defendant filed his motion to be discharged for various reasons, but the court denied this, and upon a hearing found that Farr had willfully removed a part of the property described in the order of delivery, from Lincoln county, and had concealed the same and prevented its being taken under the process of the court, and that he refused to disclose its whereabouts; thereupon, the district judge required Farr to deliver the property to the sheriff of Lincoln county, and that he be committed to the county jail of that county to be held in custody until he should comply with the order, or furnish information leading to its delivery. On the 11th of December, 1888, this court, upon the application of Farr, issued a writ of *habeas corpus* to Thomas Boyle, sheriff of Lincoln county, returnable January 2, 1889, requiring him to produce the body of Farr with his return, showing under what authority he restrained him

of his liberty and detained him in his custody; on said January 2, Thomas Boyle, as sheriff, made his return and annexed thereto the order and command of S. O. Hinds, the district judge of Lincoln county, dated December 6, 1888, requiring the sheriff of that county to hold Farr in custody until he delivered the property described in the order of delivery, or gave information to the sheriff leading to its delivery. Upon the hearing of the writ of *habeas corpus* and return thereto, a demurrer was filed by Farr to the return, and thereafter the facts of the case were substantially agreed upon by the parties.

*David Ritchie*, for petitioner.

*Ed. F. Coad*, and *Garver & Bond*, contra.

The opinion of the court was delivered by

HORTON, C. J.: This is an original action brought in this court for the purpose of discharging the petitioner, Frank Farr, who it is alleged is illegally restrained of his liberty by Thomas Boyle, the sheriff of Lincoln county. An action was commenced in the district court of Lincoln county by the Waterman Bros. against Farr, to recover certain personal property. Subsequently, under the provisions of § 188 of the civil code, an attachment was issued against Farr, commanding the sheriff of Lincoln county to arrest and bring him before the district judge for examination as to the possession of the property described in the order of delivery. At the time that Farr was brought before the district judge of Lincoln county, he was at Salina, in Saline county; upon the examination, the district judge found that Farr had willfully removed a part of the property in dispute from Lincoln county, and concealed the same so that it could not be taken under the process of the court.

Upon the record and the evidence submitted, we think two questions only are presented for consideration. First: Was it necessary, before the arrest of Farr, to serve upon him the order of delivery, or any rule or order of the court to show

cause why he should not be attached? Second: Is the commitment or order of the district judge under which Farr is restrained of his liberty in due and legal form? Said § 188 reads:

"In an action to recover the possession of specific personal property, the court, or judge in vacation, may, for good cause shown, before or after judgment, compel the delivery of the property to the officer or party entitled thereto, by attachment, and may examine either party as to the possession or control of the property. Such authority shall only be exercised in aid of the foregoing provisions of this article."

The order of delivery issued in the action of Waterman Bros. against Farr, commanded the sheriff to take the property described therein, but as he could not find the property on account of its concealment, he was unable so to do. At the commencement of the action a summons in the case was served by leaving a copy thereof at Farr's usual place of residence; before the attachment was issued Waterman Bros. presented to the judge of the district court their application, supported by affidavit, for the arrest of Farr, and alleging therein that the property sought to be recovered was eloigned, and concealed by him. Farr knew before he was arrested under the second order of attachment, which was dated the 4th of December, 1888, of the commencement of the action by Waterman Bros., and before he was arrested under the order of that date he had refused to turn over the property in controversy; therefore we do not think his arrest or detention is illegal on account of the failure of the sheriff to serve upon him a copy of the order of delivery, when his action prevented the sheriff from executing the order; nor do we think it necessary, in such an action, that any rule or order of the court must be first served upon a defendant to show cause before the issuance of the writ of attachment against him.

The objection to the sufficiency of the order of commitment is well taken. Section 705 of the civil code requires that all orders of the judge, in vacation or at chambers, shall be entered upon the journal of the court by the clerk.

Section 709 of the code reads: "All writs and orders for provisional remedies, and process of every kind, shall be issued by the clerks of the several courts, upon a precipe filed with the clerk demanding the same."

Section 700 of the code provides: "The style of all process shall be: 'The State of Kansas.' It shall be under the seal of the court from whence the same shall issue; shall be signed by the clerk, and dated the day it is issued."

The process, or commitment under which Farr is held is signed by the judge only; it is not entitled "The State of Kansas," nor signed by the clerk, nor has it his official seal attached thereto. After the examination of Farr before the district judge, the order of the judge should have been entered upon the journal of the district court of Lincoln county by the clerk thereof, and the commitment should have been issued by him, as required by said § 700.

The statement that Farr was arrested in Graham county and by virtue of that arrest confined in the county jail of Lincoln county, is not supported by the evidence. It is true he was arrested in Graham county, but escaped before reaching Lincoln county. Afterward he was rearrested in Lincoln county upon a new process.

If the sheriff of Lincoln county has disobeyed the orders or the commands of the probate judge of his county, the duty devolves upon that judge to punish, if any punishment is allowable. This court, in this proceeding, cannot enforce the orders of the probate judge, nor are we called upon to determine whether the sheriff is in contempt of that judge, or not.

For the defects in the commitment, the petitioner will be discharged, and will also recover his costs.

All the Justices concurring.