## LATIMER v. GILES.

No. 936.   Opinion Filed July 11, 1911.

(116 Pac. 795.)

**JUSTICES OF THE PEACE—Summons—Validity.**   A summons issued by a justice of the peace, the caption of which was: "State of Oklahoma, McClain County—ss.:   Before E. M. Price, a justice of the peace for Purcell township, in and for said county.   To Mace Pugh, Constable—Greeting"—is not a writ running under the style prescribed by article 7, sec. 19, of the Constitution, and may be quashed on motion.

(Syllabus by the Court.)

*Error from McClain County Court; E. E. Glasco, Judge.*

Action by G. W. Giles against A. D. Latimer.   Judgment for plaintiff, and defendant brings error.   Reversed.

*J. F. Sharp,* for plaintiff in error.

TURNER, C. J.   On January, 13, 1908, G. W. Giles, defendant in error, sued A. D. Latimer, plaintiff in error, in forcible entry and detainer before a justice of the peace at Purcell, in

McClain county, Okla.  On January 21, 1908, the cause coming on to be heard, a motion by defendant to quash and set aside the return of the summons was sustained.  On February 7, 1908, an alias summons issued, returnable February 8, 1908.  Again the cause coming on to be heard, defendant appeared specially and moved to quash the summons on the ground that the same did not run in the name of the state, as required by article 7, § 19, of the Constitution, which was overruled.  Thereafter, upon issue joined by answer, there was judgment for defendant, whereupon plaintiff appealed to the county court.  There, on May 4, 1908, defendant again urged his said motion to quash, which was over-ruled and exceptions saved, whereupon there was trial to a jury and judgment for plaintiff, and defendant brings the case here. He assigns for error the overruling of his motion to quash the summons.

That part of the summons material to consider in passing on this question reads:

"State of Oklahoma, McClain County—ss.:

"Before E. M. Price, a justice of the peace for Purcell town-ship, in and for said county.

"To Mace Pugh, Constable—Greeting:

"You are hereby commanded to summons the defendant, A. D. Latimer   *   *   *"

In support of his motion, defendant relies on article 7, § 19, of the Constitution, which provides:  "The style of all writs and processes shall be:  'The State of Oklahoma,' " and contends that said writ does not run under the style so prescribed, and is void.  We think so too.  Said section of the Constitution is man-datory, and the style of this writ not even a substantial compli-ance therewith.  It should have run:  "The State of Oklahoma, to Mace Pugh, Constable of Purcell Township—Greeting."  The words, "State of Oklahoma, McClain County—ss.," laid the venue only.  The two succeeding lines indicated that E. M. Price was a justice of the peace for said township, and that said township was in McClain county.

Commenting on the question here, which was the precise

question raised in *Little v. Little*, 5 Mo. 227, 32 Am. Dec. 317, the court said:

"In the instant case, it would appear that the writ ran in the name of the justice, and not the state."

In *Fowler v. Watson*, 4 Mo. 27, Watson sued Fowler before a justice of the peace and recovered judgment. Fowler appealed to the circuit court. There he moved to dismiss the appeal, and the court sustained his motion. To reverse the judgment of the circuit court, Fowler appealed to the Supreme Court. The summons read: "State of Missouri, County of Chariton. To the Constable of Prairie Township—Greeting: Sir, you are hereby commanded," etc. The court said:

"In the case before this court the writ runs in the justice's name. There being no writ of the state to bring the defendant before the justice, all the proceedings in this case are void."

In *Beach v. O'Reilly et al.*, 14 W. Va. 55, sections 4 and 5 of the syllabus say:

"A writ, the caption of which is, 'The State of West Virginia, to A. B., Constable,' etc., or 'The State of West Va., to A. B., Constable,' would be a writ running in the name of the state of West Virginia, as required by the Constitution. But a writ, the caption of which is, 'State of West Virginia, Kanawha County—ss.: To A. B., Constable,' etc., and which in the body of the writ does not command 'in the name of the state of West Virginia,' is not a writ running in the name of the state of West Virginia, as required by the Constitution; such a caption to a writ indicating merely the place where it is issued, and not the authority by which it is issued."

This is in keeping with the unbroken line of authorities. See, also, *Sims et al. v. Bank of Charleston et al.*, 3 W. Va. 415; *McFadden, Appellant, v. Forter, Appellee*, 20 Ill. 509; *Sidwell v. Schimacker*, 99 Ill. 426; *In re Franklin Farr*, 41 Kan. 276, 21 Pac. 273; *Lindsey v. Board of County Commissioners*, 56 Kan. 630, 44 Pac. 603; *State of Nevada ex rel. Samuel T. Curtis v. H. V. S. McCullough*, 3 Nev. 202; *Oliver Gilbreath v. Hames Kuykendall*, 1 Ark. 50; *Samuel Estili v. Benjamin Bailey*, 1 Ark. 131; *Hiram G. Ferris v. David Crow*, 10 Ill. 96; *Embree P. Forbes et al. v. James Darling et al.*, 94 Mich. 621, 54 N. W. 384.

There is no waiver of service and general appearance in the county court here, as there was in *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, for the reason that here movant had not invoked the jurisdiction of the county court by appeal or otherwise; while in the Pipe Line case movant had done so, and entered a general appearance by prosecuting his appeal to that court and invoking a trial *de novo.*

The judgment of the trial court is reversed.

All the Justices concur.