**FIRST NAT. BANK OF KINGFISHER v. DARROUGH et al.**

No. 21053.   Opinion Filed Nov. 15, 1932.

Rehearing Denied March 7, 1933.

Brownlee & Blaine and J. B. Drennan, for plaintiff in error.

Sam P. Ridings and J. O. McClelland, for defendants in error Elmer E. Darrough, Margery Darrough, and Martha E. Reger.

244

J. E. Falkenberg and W. H. C. Taylor, for defendants in error Riley H. Gray, Elsie Gray, J. E. Falkenberg, W. H. C. Taylor, and Katie Johnson.

ANDREWS, J. This is an appeal from a judgment of the district court of Grant county. The plaintiff in error was the plaintiff in that court. Hereinafter it will be referred to as the plaintiff. The defendants in error were the defendants in the trial court. Hereinafter, when they are referred to collectively, they will be referred to as the defendants, and when they are referred to individually, their individual names will be used.

The plaintiff instituted an action against the makers of two notes and two real estate mortgages, and certain other persons claiming some right, title, or interest in and to the real estate described in the mortgages, in which it sought a personal judgment against the makers of the notes and a foreclosure of the mortgages against all of the defendants. The execution of the notes and mortgages was admitted by all of the defendants. There was no dispute in the evidence as to the amount due to the plaintiff on the notes.

The plaintiff offered the notes and mortgages in evidence, and they were received in evidence over the objection of a number of the defendants. Those objections were upon the ground that the mortgages did not set out which undivided one-fifth interest and which undivided two-fifths interest were mortgaged. Those objections were without merit and were properly overruled.

The defendant M. E. Reger acquired the interests of the defendant Elmer E. Darrough and of the defendant Margery Darrough in the real estate in question by a warranty deed dated March 8, 1928. Her rights are junior and inferior to the rights of the plaintiff, and she acquired the real estate subject to the mortgages thereon held by the plaintiff.

By reason of uncertainty as to the particular interests mortgaged, the trial court permitted testimony to be introduced as to the intention of the parties at the time of the execution of the mortgages, and sufficient evidence was introduced to support the finding of the trial court that the intention of the parties to the mortgages was that the defendants Margery Darrough and Elmer E. Darrough would mortgage as security for the note of Margery Darrough only the one-fifth interest in the land owned by Margery Darrough, and that they would

mortgage as security for the note of the defendant Elmer E. Darrough only the two-fifths interest owned by Elmer E. Darrough. That finding of the trial court is affirmed.

Under that holding the rights asserted herein by the defendants Elmer E. Darrough, Margery Darrough, and Martha E. Reger are fully protected, and no further attention need be paid to their claims herein.

The other defendants contended that the mortgage given to the plaintiff by the defendants Elmer E. Darrough and his wife, which purported to mortgage an undivided two-fifths interest in the land, was ineffective as to more than an undivided one-fifth interest in the land, for the reason that the defendant Elmer E. Darrough, at the time of the execution of that mortgage, owned only an undivided one-fifth interest in the land.

It appears from the record that the defendants Elmer E. Darrough and Margery Darrough were husband and wife at the time of the execution of the notes and mortgages in issue in this case, and at all times thereafter; that the defendant Margery Darrough received an undivided one-fifth interest in the land involved in this action by the will of her father and the order of the county court in probate; that she was the owner of that undivided interest in the land at the time of the execution of the notes and mortgages involved in this action; that the defendant Elmer E. Darrough purchased an undivided one-fifth interest in the land from one of the devisees, Albert Gray; that he was the owner of that interest therein at the time of the execution of the notes and mortgages involved in this action; that the defendant Riley H. Gray received an undivided one-fifth interest in the land in question by virtue of the said will and order, which undivided interest he conveyed to his wife, the defendant Elsie Gray; that thereafter, one Conrad Strecker purchased the Riley H. Gray undivided one-fifth interest in the land at a sheriff's sale, held pursuant to a judgment of the district court of Grant county in cause No. 1890 in that court, entitled Conrad Strecker v. Elsie Gray and Elmer E. Darrough, which said sheriff's sale was duly confirmed, the sheriff's deed being duly recorded on the 16th day of May, 1913; that the said Conrad Strecker conveyed the same to the defendant Elmer E. Darrough by deed duly recorded on the 16th day of May, 1913; that on the 22nd day of November, 1923, the defendant Margery Darrough executed

and delivered to the plaintiff a note and a mortgage securing the same, whereby she mortgaged an undivided one-fifth interest in said land to the plaintiff to secure the payment of the amount of the note given by her to the plaintiff; that her husband, the defendant Elmer E. Darrough, joined with her in the execution of that mortgage for the purpose of waiving his homestead right, if any, in the premises, and not for the purpose of mortgaging any undivided interest in the land which he owned; that on the same date, the defendant Elmer E. Darrough executed and delivered to the plaintiff a note and a mortgage securing the same, whereby he mortgaged an undivided two-fifths interest in said land to the plaintiff to secure the payment of the amount of the note given by him to the plaintiff; that his wife, Margery Darrough, joined with him in the execution of that mortgage for the purpose of waiving her homestead right, if any, in the premises, and not for the purpose of mortgaging any undivided interest in the land which she owned; that the two mortgages were dated November 20, 1922, and were duly recorded on the 22nd day of November, 1922; that thereafter a suit was instituted against the defendant Elmer E. Darrough for the purpose of canceling the sheriff's deed to Conrad Strecker; that in that action, in the language of the defendants in one of their briefs, a judgment was rendered, "setting aside the sale canceling the deed, but holding the judgment valid and entering judgment upon the original debt, costs, attorneys' fees and interest in the sum of $583.98, and made the same a lien upon the land of the Grays (record, pp. 238 to 240)"; that the plaintiff was not a party to that action and was not bound by that judgment, and that thereafter Riley H. Gray and Elsie Gray conveyed a portion of their interest in the land to others of the defendants herein.

In order to establish their contention that Elmer E. Darrough, at the time he executed the mortgage securing the note given by him, owned only an undivided one-fifth interest in the land, those defendants offered in evidence a portion of the judgment roll in cause No. 1890, supra. Whether or not the entire judgment roll was offered in evidence is not shown by the record, for the court clerk testified with reference to the files that "* * * I presume that is all of them." Whether or not the entire judgment roll was offered in evidence, this court has before it only the record made in the trial court. That record shows that in that court, in that case, the action was for the recovery of a money judgment on a promissory note; that personal service of summons was had upon the defendant therein, E. E. Darrough, and that the defendant therein, Elsie Gray, therein entered her appearance. It is, therefore, apparent that that court had jurisdiction of the subject-matter and jurisdiction of the person of the two defendants therein. It had jurisdiction to render a judgment for the amount which it found due on the promissory note sued on. It rendered such a judgment and sustained an attachment of real estate theretofore had therein. It issued an order of sale running in the name of the state of Oklahoma, and directed to the sheriff of Grant county, commanding that officer to cause an undivided one-fifth interest in the land in question in this action to be advertised and sold according to law and to make a return of the sale showing the manner in which the same was executed within 60 days from the date thereof. Notice of the sale was duly given and published. The sale was made and the sale was confirmed. The trial court, in the order of confirmation, found as follows:

"* * * and it further appearing that all matters and things in connection with said attachment, said judgment, order of sale, and sale of said property has been done and performed as provided by law, and the order of this court, and said property was sold for more than two-thirds the appraised value and the court having examined the proceedings of said sheriff under said order of sale, finds that the same has been performed in all respects in conformity to law, and no exceptions or objections being filed or made, it is ordered and adjudged by the court that said sale and proceedings be and the same are hereby approved and affirmed. * * *"

The authorities cited by the defendants are neither persuasive nor controlling. In Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486, Conditt v. McKinley, 94 Okla. 265, 221 P. 1007, Martin v. Hostetter, 59 Okla. 246, 158 P. 1174, and Richmond v. Robertson, 50 Okla. 635, 151 P. 203, the order of sale did not run in the name of the state of Oklahoma. In those cases the sufficiency of the order of sale was an issue. Herein the order of sale ran in the name of the state of Oklahoma, and was directed to the sheriff of Grant county. Latimer v. Giles, 29 Okla. 234, 116 P. 795, determined the form of a summons. No authority is cited to the effect that a sale

is void because the order of attachment did not run in the name of the state of Oklahoma, when the order of sale ran in the name of the state of Oklahoma and when the defendants in the action were regularly served with summons or appeared in the action by voluntary appearance and made no objection to the judgment sustaining the attachment. We know of none.

The defendants contend that the sale was void for the reason that no appraisement of the land was had upon execution prior to the sale, and that the only appraisement had was that on the void attachment. The order of the trial court confirming the sale, from which we have quoted, is to the contrary. The recitals of that order are conclusive in the absence of a showing that no appraisement was made. There was no such showing.

Since the defendants did not show that the order of the district court of Grant county confirming the sale was void upon the face of the record or judgment roll, their defense was barred by the statute of limitations under the provisions of section 563, O. S. 1931 (section 817, C. O. S. 1921). The defendants sought to have vacated an order of the district court of Grant county confirming the sale of the real estate. Their proceeding was not commenced within three years. This court, in Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145, held that relief based on evidence dehors the record may be had against a judgment only within three years after the rendition of the judgment or order. It therein quoted from Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Crowther v. Schoonover, 130 Okla. 249, 266 P. 777; Woodley v. McKee, 101 Okla. 120, 223 P. 346, and Hawkins v. Bryan, 128 Okla. 27, 261 P. 167. That decision is controlling as to the application of the statute of limitations to the defense of the defendants herein. The defendants cannot wait for more than 15 years after the recording of a sheriff's deed to real estate and until after the plaintiff has taken a mortgage on the real estate, and then assert that the sheriff's deed is void, and support their contention of invalidity by evidence other than that afforded by an inspection of the judgment roll and the sheriff's deed. This they have attempted to do and this the trial court has permitted.

We, therefore, hold that the trial court was in error in adjudging that the plaintiff was not entitled to a foreclosure of the mortgage given by the defendant Elmer E. Darrough as to an undivided two-fifths interest in the land.

That conclusion makes it unnecessary for us to determine the other issues presented in the briefs in this case.

The judgment of the trial court in favor of the plaintiff and against the defendant Margery Darrough for the amount found due on her promissory note, and decreeing that amount to be a lien on the undivided one-fifth interest in the land which went to her under the will of her father, and ordering a sale of that interest in satisfaction of that judgment, is affirmed.

The judgment of the trial court in favor of the plaintiff and against the defendant Elmer E. Darrough for the amount found due on his promissory note, and decreeing that amount to be a lien on the undivided one-fifth interest in the land acquired by him from Albert Gray, and ordering a sale of that interest in satisfaction of that judgment, is affirmed.

The judgment of the trial court denying the plaintiff a lien on the undivided one-fifth interest in the land purchased by defendant Elmer E. Darrough from Conrad Strecker, is vacated.

The cause is remanded to the trial court, with directions to enter a judgment in favor of the plaintiff, decreeing the amount found due on the promissory note of Elmer E. Darrough to be a lien on the undivided two-fifths interest in the land in question of record in his name at the time of the execution of his note and mortgage to the plaintiff and ordering a sale of that interest in satisfaction of that judgment.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., not participating.