## YAHOLA OIL CO. v. CAUSEY et al.

No. 27517. Oct. 26, 1937.

W. A. Chase and Courtland M. Feuquay, for plaintiff in error.

Erwin & Erwin, for defendants in error.

HURST, J. This is an appeal from an order overruling a motion to vacate a default judgment. The action arose as follows: The plaintiff, Walter G. Causey, filed this action to foreclose a real estate mortgage against a large number of defendants, one of them being Yahola Oil Company. The last-named defendant was referred to as "Yahola Oil Company, a corporation," both in the caption and in the body of the petition and journal entry of judgment. It was served in Oklahoma

county by the delivery of a copy of the summons to the Secretary of State, and was referred to both in the summons and the retnrn as "Yahola Oil Company, a corp." The petition contained the allegation "that the defendants * * * Yahola Oil Company, a corporation, * * * have or claim to have some interest in and to the real estate and premises aforesaid. * * *" Judgment of foreclosure was rendered on July 10, 1928, and it was therein recited: "that the defendants * * * Yahola Oil Company, a corporation, * * * have been duly, legally and regularly served with summons in said action by personal service thereof and that the summons, service and return as to said defendants are hereby approved by the court and declared valid." The mortgaged premises were sold on July 30, 1929, pursuant to the judgment, and the sale was confirmed on August 8, 1929.

On September 13, 1935, Yahola Oil Company filed the motion in question to vacate the judgment of July 10, 1928, alleging that it is not a corporation but is a common law trust, and that its trust agreement was duly filed in the office of the county clerk of Lincoln county on May 4, 1929, and that the service of summons is void, there being no law authorizing the service of process upon the Secretary of State for a common law trust. A demurrer was filed to this motion, on the ground that the same did not state facts entitling the movants to any relief, and because it was barred by the statute of limitations. This demurrer was, by the court, sustained and the motion was dismissed. The court also overruled the motion for new trial filed by the movant. From both orders, the Yahola Oil Company has appealed.

It will be observed that the motion to vacate the judgment was filed more than seven years after the rendition of the judgment. This court is committed to the rule that where the invalidity of a judgment does not appear upon the judgment roll, and it is necessary to resort to extrinsic evidence to establish its invalidity, the court is without jurisdiction to entertain a motion to vacate the judgment filed more than three years after the rendition of the judgment, on the ground that there is no service on the moving defendant or that the service is void, under the third subdivision of section 556 and section 563, O. S. 1931. Pettis v. Johnston (1920) 78 Okla. 277, 190

P. 681; First National Bank of Kingfisher v. Darrough (1932) 162 Okla. 243, 19 P. (2d) 551; Vinson v. City of Oklahoma City (1937) 179 Okla. 590, 66 P. (2d) 933.

The defendant does not question this rule, but insists that the judgment is void on the face of the record for four different reasons, which we will discuss in their order:

1. Defendant first contends that the petition does not allege that it is a corporation and had the capacity to be sued. It cites Miller v. Pine Min. Co. (Idaho, 1892) 31 P. 803, in support of this contention. This case so held, but it has been overruled. See Hoebel v. Utah-Idaho Livestock Co. (Idaho, 1924) 227 P. 1049. Where the name of a party, whether plaintiff or defendant, imports corporate existence, it is not necessary that the petition allege that such party is a corporation to state a cause of action. 14 C. J. 817; 7 R. C. L. 697. Here the name of the defendant "Yahola Oil Company, a corporation," undoubtedly imports corporate existence. Section 9737, O. S. 1931, provides:

"In all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall in his answer expressly aver under oath that the plaintiff or defendant is not a corporation."

It has been held, under this statute, that it is not necessary for the plaintiff to allege or prove corporate existence of the plaintiff or defendant. Leader Printing Co. v. Lowry (1899) 9 Okla. 89, 59 P. 242. See, also, Winnebago State Bank v. Hall (1927) 127 Okla. 215, 260 P. 497.

2. It is next contended that the judgment roll does not show that the defendant is a foreign corporation, on which service could be had by delivering a copy of the summons to the Secretary of State. The record was silent on this question at the time the judgment was rendered. The fact that the defendant was a common law trust, and not a foreign corporation, did not appear in the record until the motion to vacate the judgment was filed.

3. The defendant next contends that the judgment roll does not show that the defendant had not appointed a service agent at the time service was made upon the defendant by delivering a copy of the sum-

mons to the Secretary of State, and for that reason the judgment is void on the face of the record. This court has held otherwise in Municipal Paving Co. v. Herring (1915) 50 Okla. 470, 150 P. 1067; Kaw Boiler Works v. Frymyer (1924) 100 Okla. 81, 227 P. 453.

4. The defendant further contends that service of summons against a foreign corporation cannot be made upon the Secretary of State except in a case where the plaintiff is a resident of the state. It relies on section 5436, C. O. S. 1921 (sec. 133, O. S. 1931), which does contain the restriction that the cause of action shall accrue to a "resident or citizen" of the state. However, we find that section 5443, C. O. S. 1921 (section 128, O. S. 1931), and section 5442, C. O. S. 1921, then in force, authorize service of process against foreign corporations on the Secretary of State in actions by "any person" in certain instances, and are not restricted to actions by residents of the state.

Every fact not negatived by the record of a court of general jurisdiction is presumed in support of a judgment of such a court. Orth v. Hajeck (1927) 127 Okla. 59, 259 P. 854; First National Bank of Kingfisher v. Darrough, 162 Okla. 243, 19 P. (2d) 551. The fact that the defendant was a foreign corporation, and that it had failed to appoint a service agent, is not negatived by the record. Since service on a defendant by delivering a copy of the summons to the Secretary of State can be made only on the Secretary of State, when such party is a foreign corporation, and then only when such party has failed to appoint a service agent within the state, the finding of the court that the defendant had been legally served with summons is in effect a finding that it was a foreign corporation, that it had failed to appoint a service agent, and that this was a case where such service was authorized.

It follows that the invalidity of the service and of the judgment does not appear upon the face of the judgment roll, and extrinsic evidnce is necessary to establish its invalidity. Therefore, the motion to vacate the judgment having been filed more than three years after the rendition of the judgment, the court was without jurisdiction to hear the same under section 563, O. S. 1931,

and the court properly sustained the demurrer to the motion.

Affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.