LEE v. HARVEY et al.

No. 31646.   Feb. 20, 1945.

*156 P. 2d 134.*

Karl D. Cunningham, of Kingfisher, for plaintiff in error.

Falkenstine & Fisher, of Watonga, for defendants in error.

PER CURIAM.   On the 16th day of November, 1942, Joseph Lee, hereinafter called plaintiff, filed his action against the defendants, Cora Harvey, Hettie Walker, Robirder Nixon, Millie

Richardson, Frank Harvey, Mabel Lee, Eliza Sneed, Maggie Harvey, and Mrs. Frank (Virginia) Harvey, to quiet title to the S.W.¼ of section 35, township 17 N., range 8 W.I.M. All of the defendants except Frank Harvey answered setting up an ownership in said property. The plaintiff filed reply pleading a former judgment. At the trial the court found that the interest of defendants, except Frank Harvey, should be sustained, and plaintiff appeals.

The holding of the trial court is based upon the following facts: On the 17th day of October, 1939, Joseph Lee filed an action to foreclose a mortgage on said premises executed by all of the defendants. The defendants answered in said action that it was barred by the statute of limitations. On the 2d day of August, 1940, the trial court in that action entered a judgment of foreclosure. Therein the trial court found that the entire sum due to the plaintiff on the mortgage became due and payable on February 15, 1934, and that two payments were made on said mortgage by Frank Harvey. The first payment was made on November 29, 1933, in the sum of $75. The second payment was made on October 22, 1938, in the sum of $10; that by reason of said payments the statute of limitations was tolled. No appeal was taken by any of the defendants from this judgment, and plaintiff purchased the above described lands at foreclosure sale under the judgment. This present action to quiet title is an outgrowth of the first foreclosure.

Plaintiff argues that the judgment in foreclosure is res adjudicata on all of the issues presented in the case at bar; while defendants urge that judgment in foreclosure is void for the reason that there was no allegation in the petition that Frank Harvey was the agent of the remaining defendants, and that therefore the finding by the trial court of payments made by Frank Harvey was outside the issues; that in the absence of an allegation of agency of Frank Harvey there can be no presumption that proof of agency was made. It is also argued that any evidence of the payment on October 22, 1938, was improperly admitted because, although there was an indorsement on the note of such payment, it was not alleged in the petition that the indorsements were a part of the petition.

With these contentions we are unable to agree. A judgment of a court of competent jurisdiction may not be impeached collaterally for mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings, even though the error is one of law and even though the error or irregularity appears on the face of the record. 31 Am. Jur. Judgments, § 583; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 71 L. Ed. 1069, 47 S. Ct. 600; In re Fields, 40 N.M. 423, 60 P. 2d 945; Hart v. Moulton, 104 Wis. 349, 80 N.W. 599. In State v. Ragland, 339 Mo. 452, 97 S.W. 2d 113, it is stated:

"Of the cause in question this court had full and complete jurisdiction. Such being the case, 'no error in its exercise of jurisdiction can make the judgment void. In such cause the judgment is not subject to collateral attack for any errors committed by the court in the course of the proceedings, and it is immaterial how irregular the proceedings may have been. It has been said that when a court has jurisdiction, it has jurisdiction to commit error, that if a judgment be merely irregular, the courts of the country pronouncing the judgment are the exclusive judges of that irregularity, and their decision binds the world . . . The general rule is that an error of law does not furnish ground for collateral attack on a judgment'."

In Warren v. Stanbury, 190 Okla. 554, 126 P. 2d 251, we held that when a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to render such judgment and that all facts required to be proved to confer jurisdiction were duly proved though the

recond is silent upon the matter. To the same effect see Drum v. Aetna Casualty & Surety Co., 189 Okla. 307, 116 P. 2d 715; In re Crouch's Estate, 191 Okla. 74, 126 P. 2d 996; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817.

A judgment of a court of general jurisdiction is not subject to collateral attack unless it is void upon its face. Lynch v. Collins, 106 Okla. 133, 233 P. 709. The court in the case at bar was not without power or jurisdiction to pass on the question of agency. The presumption is that the evidence supported the finding that Frank Harvey in making payments acted as agent, and if the court found that in making the payments Frank Harvey acted as agent for the remaining defendants without such allegation being in the petition, the error, if any, was one of law. Likewise, if it was error to receive testimony of the October, 1938, payment by Frank Harvey because of the failure to allege in the petition that the indorsements on the note were made a part thereof, this was an error of law occurring at the trial. One of the specific grounds for new trial under 12 O.S. 1941 § 651 is error of law occurring at the trial. The defendants could not allow the judgment in foreclosure to become final and then successfully attack the judgment in a collateral proceeding when the alleged errors could have been corrected on appeal. It is admitted by all parties in this proceeding that this is a collateral attack upon the judgment in foreclosure, and the assertion of defendants is that the judgment may be so attacked because it is void on its face.

We are of the opinion, and hold, that the interest of the defendants in the above-described premises was adjudicated in the foreclosure action above set out, and that the trial court erred in holding to the contrary. The cause is reversed and remanded, with directions to the trial court to vacate and set aside the judgment in favor of the defendants and to proceed in accordance with the views herein expressed.

Reversed and remanded, with directions.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.