C. B. McMILLAN, Plaintiff in Error,

v.

LANE WOOD & COMPANY, a Corporation,
Defendant in Error.

No. 38924.

Supreme Court of Oklahoma.

April 25, 1961.

W. R. Lawrence, Oklahoma City, for plaintiff in error.

John A. Johnson, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendant in error.

BLACKBIRD, Vice Chief Justice.

In the trial court, defendant in error, a Texas company, hereinafter referred to as plaintiff, sought to recover from plaintiff in error, hereinafter referred to as defendant, the balance of an account allegedly ac-

crued under a factoring agreement said Company had with another Texas company, named "Dealer Equipment Company", of which defendant, an Oklahoma City man, and his wife were executive officers and principal stockholders. Said defendant's liability for the alleged debt was predicated upon his execution of an agreement entitled "Guaranty", wherein he agreed to guarantee his Company's "due performance" of its obligations under the factoring agreement on the terms and conditions specified therein.

Under the factoring agreement between the two companies, Dealer Equipment Company (hereinafter referred to by name, or merely as "Dealer Equipment", or "Company") sold accounts receivable to plaintiff for a 2% cash discount, but plaintiff remitted only 90% of their face value, being authorized, under the agreement, to withhold the other 10% thereof, which (after deduction of the amount of the 2% discount, serving as its commission for collecting the accounts), constituted a "reserve" fund to protect plaintiff "against the contingency of any Customer Claims * * or other items properly chargeable to the company hereunder. * * *." Said agreement, set forth in a letter addressed to plaintiff and signed by defendant, as president of Dealer Equipment, referred to therein as "The Company", with plaintiff being referred to as "you", further provided:

"7. Notwithstanding any other provisions of this Agreement, you shall also be entitled at all times (both before and after any termination of this Agreement) to hold all sums to the credit of the Company, and any property of the Company in your possession, as security for any and all of the Company's obligations to you, no matter how arising and whether arising under this Agreement or otherwise, and *any amount* which you are authorized hereunder to charge to the Company or *for which the Company is obligated to you either under this Agreement or otherwise, may be* withheld or *deducted by*

*you at any time in your sole discretion from any remittances, payments or credits* otherwise to be made by you hereunder. *You are expressly authorized to charge to the Company any amount owing by the Company under any receivable or other obligation assigned to you by any other concern."* (Emphasis ours).

In 1956, when these agreements were entered into, plaintiff had, for several months, been acting as factor for another Texas company, called General Metal Products, Inc. During the period of this factoring arrangement, Dealer Equipment purchased from General Metal Products certain metal articles and merchandise used in its business; and the latter sold the invoices for at least a portion of such sales to plaintiff, as its factor.

When both Dealer Equipment and General Metal Products became insolvent, plaintiff had charged to Dealer Equipment's account with it, the invoices Dealer Equipment owed General Metals (which General Metals had sold to plaintiff, as its factor). Plaintiff also applied to the debt represented by said invoices and two other charges (unnecessary here to mention), the sum of $2,826.92, out of $3,205.45 that had accrued in the "reserve" fund provided for in its factoring agreement with Dealer Equipment. After such deductions and other credits, plaintiff claimed a balance still due it from Dealer Equipment of more than $1,500. Being unable to collect said debt from said debtor, plaintiff, in September, 1957, instituted this action to recover it from defendant, under the terms of his aforementioned "guaranty". By amendments to its petition, plaintiff reduced the amount of the claimed indebtedness to $1,351.02, for which it prayed judgment, together with court costs, interest, and an additional sum of $250 as its attorney's fee.

Before answering, defendant filed a motion to make plaintiff's petition more definite and certain, and other preliminary pleadings unnecessary at this point to describe. In his answer, and the amendments thereto, defendant pleaded many alleged

defenses, but the only one necessary to mention in order to deal coherently with his argument on appeal, was, in substance, that the guaranty agreement lacked the consideration necessary to make it a valid and binding contract. In said answer, and the amendments thereto, defendant also asserted, by way of counterclaim, that the action had been brought prematurely and without justification, and prayed judgment for damages over against plaintiff in the sum of $6,600, together with his costs, and another $300 as his attorney's fee.

At the trial, by way of defending against plaintiff's theory that defendant's execution and delivery to it of the subject guaranty agreement was part of the consideration for its entering into the factoring agreement with defendant's company, Dealer Equipment, defendant introduced evidence contemplated to show that the factoring agreement was executed on January 21, 1956— several days before the "February 2" date on the factoring agreement plaintiff introduced in evidence. Defendant also attempted to show, among other things, that, because some of the invoices (listed on Exhibit "B", attached to plaintiff's petition) for merchandise General Metal Products had sold Dealer Equipment, were dated, and shown to have been purchased by plaintiff, *prior* to February 2, 1956, they were not within the contemplation, or coverage, of said factoring agreement, and plaintiff should not have treated them as debits in its account with Dealer Equipment Company. On said theory that said agreement did not cover those charges, defendant also attempted to establish that certain credits entered on Dealer Equipment's account *after* the date of the factoring agreement (and with which plaintiff had cancelled said previous debits) were incorrectly applied.

During the trial, plaintiff was allowed to amend his pleadings to increase the amount he was seeking as his attorney fee to $750; and he thereafter introduced evidence of the value of the attorney's services.

At the close of plaintiff's evidence, the trial court overruled defendant's demurrer to it, and also his motion for a directed verdict. Said court also sustained plaintiff's demurrer to the evidence insofar as defendant's alleged counterclaim was concerned. When, at the close of all of the evidence, defendant challenged its sufficiency, by another demurrer and motion for a directed verdict, these were also overruled. Before submitting the cause to the jury, the court refused certain instructions requested by defendant (which will hereinafter be discussed). Thereafter a verdict was returned, and judgment entered, in plaintiff's favor for $1,351.02, with additional sums for interest from certain dates, together with his court costs, and $750 as his attorney's fee. From said judgment defendant has perfected the present appeal.

■ In one paragraph of defendant's argument under the second proposition he urges for reversal of the trial court's judgment, he refers to said court's alleged error in sustaining plaintiff's demurrer to the evidence in so far as it concerned defendant's counterclaim (which his brief calls "Cross Petition"). Examination of the casemade reveals no exception to this ruling. This being true, and the record in no other manner revealing that defendant made an objection to said ruling known to the judge at the trial, or that he referred to said ruling as one of the grounds thereof, in his motion for a new trial, there is no predicate for our review of it. See Title 12 O.S.1951 § 630; and, in this connection, notice Layton v. Purcell, Okl., 267 P.2d 547, 551. As said in Tillery v. Ellison, Okl., 345 P.2d 434, 439:

> "It is the duty of a party who thinks the trial court has erred against him to call said court's attention to such error, so that said court may have an opportunity to correct it."

For the same reason, and based upon the same principles, certain alleged prejudicial remarks made by the trial judge, of which defendant complains under his "Proposition No. 4", are not reviewable herein. Ibid.

■ Defendant's principal complaint under his second proposition is that the trial court erred in overruling his afore-

mentioned demurrer to plaintiff's evidence. Since he introduced evidence on his own behalf, after the overruling of the first of his said demurrers, and only the sufficiency of the evidence, as a whole, could properly be challenged when his last demurrer was interposed (see Mulkey v. Morris, Okl., 313 P.2d 494, 499, citing Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330), we will consider defendant's present complaint as referring only to the trial court's alleged error in overruling his second, and last, motion for a directed verdict. Defendant's counsel refers to evidence introduced on his behalf in an effort to show that the factoring agreement went into effect before the guaranty agreement was executed—in January, 1956—but he recognizes that plaintiff's President, E. B. Washburne, testified it was the intention of plaintiff and defendant that the factoring agreement and the guaranty agreement both become effective simultaneously. Plaintiff showed, both by the testimony of Washburne, and by copy of a letter he had addressed to defendant on January 23, 1956, and delivered to Dealer Equipment's Manager, Mr. Hill, in Dallas, the same day, that the factoring agreement and the guaranty agreement were submitted to Hill *together,* and at the same time, for Hill to procure defendant's signature on both. Washburne also testified, in substance, that it was plaintiff company's policy whenever it proposed to enter into a factoring agreement with any company, to also obtain a personal guarantee from its "owner". In explanation, he stated: "If we are going to be asked to be in a creditor's position, we want the owner to stand behind his company." Defense counsel express the opinion that the testimony of Washburne and plaintiff's auditor, Mr. Kesso, " * * * was uncertain and in a score of places so evasive and unresponsive * * it is difficult to see * * * how an account of any kind had been proven." Counsel does not charge that this testimony was incompetent, self-contradictory, or incredible. We have carefully examined it and are of the opinion that the subject testimony, together with plaintiff's other evidence, was abundantly sufficient to justify the overruling of defendant's motion for a directed verdict. In this connection, see Miller v. Hickman, Okl., 359 P.2d 172, and Chickasha Cotton Oil Co. v. Hancock, supra, quoting Swift & Co. v. Morgan & Sturdivant, 5 Cir., 214 F.2d 115, 49 A.L.R.2d 924.

■ Under his "Proposition No. 1", defendant complains, among other things, of the trial court's alleged error in giving its Instruction No. 8. Although he states, as the premise of this proposition, that: "It was the duty of the trial court to properly instruct the jury upon the decisive issues made by the pleadings and *evidence introduced* * * *", he asserts in the next sentence of his brief, that said court erred in refusing to give his " * * * requested Instruction No. 2 * * * for the reason that the dates in question as shown by the testimony of defendant, and defendant's *tendered* testimony and exhibits (erroneously *refused* by the court) would have clearly shown * * * a failure of consideration running to the defendant and his signature on the alleged guaranty." (Emphasis ours). Defendant's brief also states: "For the same reasons, the court erred in refusing defendant's requested instructions Nos. 3, 4 and 5, and we particularly call * * * attention to defendant's (requested) Instruction No. 6, which was refused." The underlying hypothesis of defendant's complaints about the trial court's refusal to give these requested instructions seems to be his theory that if he signed the guaranty agreement at a later date than he signed the factoring agreement, the guaranty agreement was without any consideration to render it a binding contract. We have carefully reviewed the record, however, and have found no evidence introduced by him to directly contradict plaintiff's evidence to the effect that, regardless of whether defendant signed the guaranty agreement before, or after, the effective date of the factoring agreement, his entering into the guaranty agreement was intended to be part of the consideration for plaintiff's entering into the factoring agreement. Both Stuart v. Ed-

wards, 84 Okl. 207, 202 P. 1032, and Rabon v. Putnam, 10 Cir., 164 F.2d 80, show the requirement of Title 15 O.S.1951 § 323, that the guaranty be entered into "at the same time" as the original obligation, in order to obviate the necessity of its having a "distinct", or new, consideration, means: "contemporaneous with" rather than: "on the same day or date." In view of the undisputed evidence in this case that it was contemplated that defendant's guaranty was to be entered into contemporaneously with, and as a part and parcel of, and as *one* consideration for the factoring agreement, we think it immaterial that one may have been signed by defendant, or returned to, or accepted by plaintiff, a few days before or after, the other. Having thus concluded that such question of fact was not a decisive issue in the case under the evidence as a whole, we cannot hold that the trial court, in refusing the subject requested instructions, failed to discharge his duty to instruct the jury as to the decisive issues of the case, on his own motion.

Nor can we regard as reversible error, the court's refusal to admit in evidence certain papers defendant offered as his Exhibit Nos. 3 and 4, to show that those agreements were not signed, nor accepted by plaintiff, nor became effective, on the same date. In this connection, see Empire Oil & Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395, 405 406.

■ Nor do we think said court's giving of its Instruction No. 8 was reversible error. The record contains no evidence that any objection was made to this instruction at the time it was given. See Title 12 O.S.1951 § 578. In this situation, the court's giving it cannot be held reversible error, absent a showing of prejudice to defendant or of fundamental error in the instructions given. See Harris v. Conway, Okl., 343 P.2d 1069. Nor, in view of what we have already said concerning the evidence, and of the law properly applicable thereto, can we regard as prejudicial, or fundamental, error, the trial court's representation, in said instruction, as to the character of the

action and the existence of a valid consideration for defendant's "personal guaranty." On the basis of the evidence, the court was within its prerogative in instructing the jury, as a matter of law, that the guaranty agreement was supported by a valid consideration.

■■ We have carefully examined all of the instructions given, including No. 8, and find them free from fundamental error. In view of the requirement that the instructions be considered as a whole, and of the fact that the verdict and judgment were within the issues as to defendant's liability under his guaranty, for the balance of the account asserted against him, we cannot believe that the jury was mislead or confused by Instruction No. 8. On the contrary, under all of the tests we have for determining the matter, we must conclude that the giving of that instruction, if error, was a harmless one, under the circumstances. See Missouri-Kansas-Texas R. Co. v. Jones, Okl., 354 P.2d 415; Bottoms v. Botts, Okl., 349 P.2d 653; Threadgill v. Anderson, Okl., 303 P.2d 297, and the authorities therein cited.

■ Following his "Proposition No. 1", defendant also complains of the trial court's refusal to admit in evidence a typewritten instrument in the nature of a financial statement of Dealer Equipment Company purporting to have been made in February, 1956, which he offered as his "Exhibit 1". The third page of this exhibit purports to list said Company's "Accounts Receivable", as of the 29th day of that month; and one of said accounts so listed is one denominated "Lane Wood & Company", in the amount of $5,400.33. If we understand defense counsel's argument, it is that, if such evidence about said item had been admitted, it would have shown a balance due Dealer Equipment Company in its account with said plaintiff of "just over $3000.00", which does not coincide with plaintiff's evidence. As this "Exhibit" does not purport to show anything with reference to plaintiff's factoring account with General Metal Products Company (which is the source of most of

the debits charged against Dealer Equipment Company in plaintiff's computation of the amount for which defendant was liable to it under his guaranty) and defendant has failed to demonstrate that plaintiff was not authorized, under the agreements in question, to include in said computation, the unpaid invoices said Company had sold to it, we think defendant's argument is without merit. In view of the foregoing, if said so-called "Defendant's Exhibit 1", had been admitted as authentic evidence of the items appearing thereon, such representations would have been relatively immaterial, and indecisive of the issues in this action. Therefore, under our views in Empire Oil & Refining Co. v. Fields, supra, and other authorities to like effect, the trial court's refusal to permit its introduction, if error, was harmless, under the circumstances.

We must also apply the same rule, or doctrine, to defendant's complaint (as his "Proposition No. 3") that the trial judge erred in overruling his motion to make plaintiff's petition more definite and certain. His counsel say that this motion was to require plaintiff to attach to its petition a copy of what it later introduced at the trial as its "Exhibit A". (Apparently this refers to the copy of the hereinbefore quoted factoring agreement, which appears in the casemade as "Plaintiff's Exhibit 1".) Assuming that the trial judge ruled on this motion (which, as plaintiff's counsel points out, the casemade does not definitely, or unequivocally, show) counsel fails to demonstrate, and we do not perceive, any prejudice to his client from this alleged error. As plaintiff's counsel points out, the case of Gustin v. Carshall, 156 Okl. 173, 10 P.2d 250, cited by defendant, is inapplicable to, and constitutes inadequate support for, his argument. Defendant says that if the judge had compelled such attaching of said exhibit, he would have had a "better understanding of the issues involved"; but, in none of his argument, nor in the record, is it shown that the judge lacked a sufficient understanding of the case to try it properly, and cause the fundamental issues to be submitted to the jury for determination.

As Defendant's "Proposition No. 5", he charges that the trial court erred in allowing plaintiff to elicit testimony from its attorney and another, contemplated to show he was entitled to as much, or more, than the $750 awarded him as his attorney's fee, which, as hereinbefore indicated, was three times as much as the amount he originally sought for such expense. In support of this proposition, he cites Gustin v. Carshall, supra. Here again, the cited case has no application. The casemade reveals that when, during the trial, plaintiff moved to amend his pleadings to substitute said "$750.00" for the "$250.00" originally claimed therein, defense counsel stated: "We have no objection". The record further reveals that, though defense counsel, before admission of the evidence he now complains of, made some remarks indicating an opinion that it was not proper, he allowed the evidence to be introduced without making any formal objection to it that was ruled upon by the trial court. Nor does he here contend that the $750 fee is excessive, or unauthorized, or that the evidence was insufficient to warrant its recovery. We therefore find no merit in this last proposition of plaintiff, and/or in his argument thereunder. As we have reached the same conclusion concerning the rest of his contentions, the judgment appealed from is hereby affirmed.

Although plaintiff's counsel, in the last part of his brief, requests this court to add to the verdict and judgment an additional $600, for additional legal services he has rendered, and brief-printing expenses his client has incurred, by reason of this appeal, his argument and citations do not demonstrate authority for granting such a request to the appellee, in a situation like the one here presented; and we know of none. Said request must therefore be refused. Said counsel also requests judgment on defendant's supersedeas bond. This request is granted. Accordingly, under this Court's Rule 31, 12 O.S.A. c. 15 Appendix, judgment is hereby rendered against Trinity

Insurance Company, surety on said bond, in the same amount as the trial court's judgment against defendant, to be entered and enforced by said. court as if there rendered.