AT & T NETWORK SYSTEMS,
Petitioner,

v.

Lula BROUSSARD and the Workers' Compensation Court,
Respondents.

No. 83016.

Court of Appeals of Oklahoma,
Division No. 3.

June 21, 1994.

Rehearing Denied Aug. 16, 1994.

Certiorari Denied Oct. 25, 1994.

23. *Allen*, 874 P.2d at 65.

Arlen E. Fielden, and Peggy L. Clay, Crowe & Dunlevy, Oklahoma City, for petitioner.

Esther M. Sanders, Lawter & Pitts, Oklahoma City, for respondents.

## OPINION

BAILEY, Judge:

AT & T Networks Systems (Employer) seeks review of an order of a three judge panel of the Workers' Compensation Court disallowing Employer credit for alleged overpayment of temporary total disability benefits to Lula Broussard (Claimant). In this appeal, Employer re-asserts its entitlement to credit, arguing public policy would be served thereby.

Claimant left her employment in July 1993 alleging cumulative trauma injury to both hands. Pursuant to a benefit plan between Employer and its employees, Claimant continued to receive full wages during her ab-

sence. Thereafter, Claimant sought workers' compensation benefits for temporary total disability (TTD). The Trial Court found Claimant TTD from July 1993 and continuing, awarded Claimant $277.00 per week "with no withholding," specifically found Employer was paying Claimant wages of $560.40 per week "with withholding" under the employment benefit plan, and ordered Employer to "make the necessary adjustment to provide Claimant with temporary total disability benefits without any withholding for the period as specified in this order."

Both parties appealed to a three judge panel, Employer asserting Claimant not entitled to any additional payment over and above the wage payments Employer had and continued to pay Claimant. The appellate tribunal entered its order awarding Claimant TTD benefits from July 1993 and continuing, without reference to credit or withholding. Employer appeals.

■ Workers' Compensation law is a creature of statute. While we agree the Workers' Compensation Act is designed to provide compensation in lieu of wages,[1] we find no authority which would allow an employer credit for payments to an employee during a period of temporary disability pursuant to a employment benefit plan. On the contrary, 85 O.S.1991 § 41.1(A) provides, in pertinent part:

In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, *nor shall he be given credit for such additional payments on future temporary total disability* ....

(Emphasis added.)

Employer asserts 85 O.S.1991 § 41.1(B) provides an exception to the prohibition against credit if the employer's payments to its employee were not made pursuant to a

1. *Burnett Hauert Lumber Co. v. Thompson*, 185  Okl. 627, 95 P.2d 630 (1939).

collective bargaining agreement,[2] Employer having adduced some evidence that the employment benefit plan was not the result of a collective bargaining agreement. However, 85 O.S. § 41.1(B) mandates credit *only* for overpayment of TTD benefits *"against any permanent disability owed."*

In the present case, there has been no adjudication of permanent disability. Thus, and in the absence of statutory authority therefor, Employer is not entitled to credit for payments to Claimant under the benefits plan which exceeded the scheduled TTD rate.[3] We therefore hold the Workers' Compensation Court did not err in denying Employer credit for alleged overpayment of benefits.

The order of the three judge panel of the Workers' Compensation Court is therefore SUSTAINED.

HUNTER, P.J., and GARRETT, V.C.J., concur.

---

**2.** 85 O.S. § 41.4(B) provides, in pertinent part, as follows:

Notwithstanding the provisions of subsection A of this section, a qualified individual self-insured employer that pays temporary total disability benefits at a higher weekly rate than required by statute ... shall be given credit for such overpayments against any permanent partial disability owed.... This provision shall not apply where salary continuation was made by the self-insured employer pursuant to an applicable collective bargaining agreement.

**3.** Rather, Employer's remedy appears to rest on the terms of the benefit plan itself for relief. Indeed, the record suggests Employer's benefit plan contains a provision allowing Employer at least partial credit for TTD payments against payments made to Claimant under the benefits plan.