*1999 OK CIV APP 133*

**Linda Jean MOHN, Petitioner,**

v.

**KENTUCKY FRIED CHICKEN, Home Insurance Company, and The Workers' Compensation Court, Respondents.**

**No. 92816.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 13, 1999.

Certiorari Denied Dec. 1, 1999.

---

1. For annual optional standard mileage rates *see generally,* 26 C.F.R. § 1.62–2(c)(4).

**100**

Susan H. Jones, Tulsa, Oklahoma, for Petitioner.

Dale F. Whitten, Tulsa, Oklahoma, for Respondents.

---

1. Employer asserts the documents from the guardianship proceeding were sealed, and that the reason for the appointment of a guardian cannot be substantiated.

## OPINION

GARRETT, Judge:

¶1 Petitioner, Linda Jean Mohn (Claimant), contends the trial court erred in denying her request for payment of guardianship fees and expenses. She contends she was adjudged by the Tulsa County District Court to be incapacitated and in need of a guardian. Claimant's mother, Bonnie King, was appointed guardian of the person and estate. She contends her incapacity arose as a result of work-related physical injuries and consequential psychological overlay during her employment with Respondent, Kentucky Fried Chicken (Employer), which is disputed by Employer.[1] It appears to be undisputed that the Workers' Compensation Court previously ordered Employer to pay permanent total disability (PTD) payments and to provide daily home health care services by professional health care providers.

¶2 As pertinent to this review proceeding, the trial court ordered:

> THAT the claimant's Request for Guardianship Fees and Costs is DENIED. MS. BONNIE KING was appointed by the District Court of Tulsa County as the guardian of the person and the estate of claimant, LINDA MOHN. The statutory authority under which MS. KING was appointed has a provision for the compensation of MS. KING for her guardianship duties. The Workers' Compensation Court is a Court of Statutory authority and there is no provision in the act for the appointment of a guardian of the person and estate of an incompetent nor for the payment of a guardian appointed under the authority of the District Court.

¶3 Claimant contends the Workers' Compensation Court has jurisdiction to award guardianship expenses, although she is unable to locate case authority directly on point. She has cited 85 O.S. § 14 and 85 O.S. § 22, presumably, 85 O.S.Supp.1987, in support of her request, claiming these sections of the Workers' Compensation Act can be logically extended to grant her request for fees. First, she refers to § 22(8)(a)(8),[2]

2. 8. Income benefits for death. If the injury or occupational disease causes death, income bene-

which she contends equates the minority of a child with mental incapacity. However, § 22(8)(a)(8) deals with income benefits for death and the maximum benefit amounts for particular classes of dependents. In the instant claim, the death of a claimant is not involved to invoke this section. She also contends § 22(11)(c) provides not only for a guardian, but for the guardian's fees. However, that section provides for the appointment of a guardian *ad litem*, when death benefits are paid to the children of a death claimant, "to represent known and unknown minor children and said guardian ad litem shall be paid a reasonable fee for his services."

¶ 4 Next, Claimant cites 85 O.S. § 14(A)(1), which directs the employer to provide "other attendance" as may be necessary after an injury. Section 14 addresses the issue of medical attention. She contends that because it provides statutory authority for hiring a professional health care provider, it should be extended to include the fees and expenses of a guardian who performs financial and personal services. Employer correctly contends there is no evidence as to the type of services King has provided. The specific subsection of § 14 provides:

1. The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury. . . .

■ ¶ 5 Section 14 clearly provides only for *medical* care and treatment. This court will not assume that the Legislature has done a vain and useless act. Rather it must interpret legislation so as to give effect to every word and sentence. *Hill v. Board of Educ.*, 1997 OK 111, 944 P.2d 930, 933, citing *Globe Life and Accident Ins. Co. v. Okla. Tax Commission*, 1996 OK 39, 913

P.2d 1322, 1328 and *Farris v. Cannon*, 1982 OK 88, 649 P.2d 529, 531. To hold § 14 provides authority for payment of guardian fees and expenses as Claimant proposes would thwart the legislative intent which, by the clear language of the statute, deals with medical care and treatment only. Moreover, the purpose of the Workers' Compensation Act is "to compensate injured workers for loss of earning power and disability to work." *Wal–Mart Stores, Inc. v. Switch*, 1994 OK 59, 878 P.2d 357, 359, citing *Special Indemnity Fund v. Treadwell*, 1984 OK 91, 693 P.2d 608.

¶ 6 Claimant also contends that the guardianship statutes in Title 30 of the Oklahoma Statutes grants the district court assigned to probate matters exclusive jurisdiction as to capacity issues, the law contemplates the use of other tribunals in setting a guardian's fees. In support of this contention, she cites 30 O.S.1991 § 4–401(A):

A. Every guardian must be allowed the amount of his reasonable expenses in the execution of his trust, and he must also have such compensation for his services as the court *in which his accounts are settled* deems just and reasonable. [Emphasis supplied.]

¶ 7 Claimant argues that although 30 O.S.1991 § 4–401(C)[3] requires the district court to approve a guardian's compensation and reimbursement, that this requirement arises only when such is deducted from the estate of the ward. However, she contends, when another entity, such as the Workers' Compensation Court, is accountable for payment of those costs, there should be no requirement of approval by the district court. According to Claimant, the district court is charged only to determine there is no abuse, "not to approve an award of fees to the guardian from another entity which would

fits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:

(a) Benefit amounts for particular classes of dependents.

. . .

(5) The income benefits payable for the benefit of any child under this section shall cease when

he dies, marries or reaches the age of eighteen (18), or when the child over such age ceases to be physically or mentally incapable of self-support, or if the actually dependent child ceases to be actually dependent, . . . .

3. C. All compensation and reimbursements pursuant to this section shall be approved by the court prior to payment.

not accrue to the benefit of the ward anyway."

¶ 8  Whether 30 O.S.1991 § 4–401(A) contemplates other courts being accountable for payment of a guardian's costs, which we do not hold, is irrelevant to this review proceeding because the Workers' Compensation Act does not provide for payment of such costs and expenses.  The case law cited by Claimant does not relate to payment of a guardian's fees and expenses.[4]

■  ¶ 9  Workers' Compensation law is a creature of statute.  *AT & T Network Systems v. Broussard,* 1994 OK CIV APP 96, 885 P.2d 684 (cert. denied 1994).  Even if the Workers' Compensation Act were broad enough to allow the requested relief, which we do not hold, Employer correctly contends Claimant has presented no evidence that her incapacity arose as a result of her work-related injury.  The record on review contains no evidence, no prior orders with findings and no transcripts which address this issue.[5]  As a matter of law, we hold the trial court's order denying Claimant's request for guardianship fees and expenses should be sustained.

¶ 10  ORDER SUSTAINED.

JOPLIN, J., and BUETTNER, P.J., concur.

---

**4.** The cases cited are:  *PFL Life Insurance v. Franklin,* 1998 OK 32, 958 P.2d 156; *Baptist Medical Center of Oklahoma v. Aguirre,* 1996 OK 133, 930 P.2d 213; *Red Rock Mental Health v.. Roberts,* 1997 OK 133, 940 P.2d 486; *Garrison v. Bechtel Corp.,* 1995 OK 2, 889 P.2d 273; *Orrick Stone Co. v. Jeffries,* 1971 OK 116, 488 P.2d 1243.

**5.** The transcript dated February 16, 1999, does not contain testimony with regard to Claimant's request for payment of guardianship fees and costs.