2011 OK 31

In the Matter of the Death of
Christopher Allen HYDE,
deceased.

Judy Hyde; J & C Casing Pullers & Plug-
ging, LLC; and Insurance Company of
the State of Pennsylvania, Petitioners,

v.

Angela Cotton and the Workers'
Compensation Court,
Respondents.

Nos. 108,367, 108,374.

Supreme Court of Oklahoma.

April 19, 2011.

Chris Hastings, Hastings & Associates, Tulsa, for Petitioners J & C Casing Pullers and Plugging and Insurance Company of the State of Pennsylvania.

David L. Thomas, J. David Terrell, Thomas & Terrell, Oklahoma City, for Petitioner Judy Hyde.

John C. McMurry, John C. McMurry, P.C., William A. Vassar III, Vassar Law Firm, William R. Davis, Oklahoma City, for Respondent Angela Cotton.

COLBERT, V.C.J.

¶ 1 The questions presented are: (1) whether it was proper for the Workers' Compensation Court to grant a motion for summary judgment; (2) is the district court's finding of a common law marriage between the decedent and his common law wife binding as to the employer and the Workers' Compensation Court; and (3) whether common law wife meets the definition of surviving spouse set forth in the workers' compensation statutes. This Court holds that summary judgment is not a procedure available in a workers' compensation proceeding; the district court's determination of the decedent's marital status is binding on the Workers' Compensation Court; and the common law wife in this proceeding meets the statutory definition of a surviving spouse.

## I. BACKGROUND AND PROCEDURAL HISTORY

¶ 2 Christopher Allen Hyde (Decedent) was employed by J & C Casing Pullers & Plugging, LLC (Employer) as an oilfield hand. On August 27, 2008, the oil well, where Decedent was working, blew up and left Decedent seriously injured. Decedent died later that day. Employer admits that Decedent died while in the course of employment.

¶ 3 On September 15, 2008, Judy Hyde, Decedent's mother (Mother), filed a claim for death benefits in the Workers' Compensation Court and Decedent's four minor children were listed as Decedent's heirs at law. Mother filed the claim on behalf of all of the children. However, Mother is the legal guardian for only one of the minor children.

¶ 4 On November 26, 2008, Angela Cotton, claiming to be Decedent's common law wife (Wife), filed another claim for death benefits in the Workers' Compensation court. In the Form 3, Wife designated herself as the Personal Representative and listed two of Decedent's four children as heirs at law.

¶ 5 Between the time Mother filed a claim for death benefits and Wife filed a claim for death benefits in the Workers' Compensation Court, Wife filed a Petition for Letters of Administration and Determination of Heirs in the District Court of Lincoln County requesting appointment as Personal Representative of Decedent's estate. Mother filed an objection to Wife's appointment as Personal Representative and requested that she be appointed Personal Representative of Decedent's estate instead. Mother later withdrew her written objection to Wife's appointment. She preferred to litigate Wife's status as Decedent's common law wife in the Workers' Compensation Court instead of the district court. On November 7, 2008, the district court found that Decedent and Wife were common law married, that Wife was Decedent's surviving spouse, and that Decedent had four children. Wife and the children were all determined to be heirs at law. The district court appointed Mother and Wife as co-administrators of Decedent's estate.

¶ 6 In the workers' compensation proceedings, each of the parties filed numerous motions for a prehearing conference due to discovery conflicts, guardian ad litem issues, objections to the inability to take depositions, continuance of the trial due to mediation, and other problems. After mediation failed, Wife filed a motion for summary judgment. On November 18, 2009, the Workers' Compensation judge heard arguments regarding Wife's motion for summary judgment. By order dated February 3, 2010, he granted Wife's motion for summary judgment. Employer and Mother appealed to the three judge panel.

¶ 7 On appeal, Employer and Mother argued that summary judgment in Workers' Compensation proceedings is not authorized by the Rules of the Workers' Compensation

Court. The three judge panel affirmed the trial tribunal's decision by order on May 13, 2010. Employer and Mother brought separate appeals to this Court and the appeals were consolidated.

## II. STANDARD OF REVIEW

■ ¶8 Legal issues are presented in this case as to whether summary judgment is permissible in Workers' Compensation Court and whether the findings of the district court were binding on the Workers' Compensation Court. Questions of law are reviewed de novo. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081, 1084.

## III. ANALYSIS

■ ¶9 Workers' Compensation is a creature of statute and as such cannot operate outside of the limitations designed by the Legislature. *Mohn v. Ky. Fried Chicken*, 1999 OK CIV APP 133, ¶9, 994 P.2d 99, 102. The Workers' Compensation Court is legislatively authorized "to adopt reasonable rules within its respective areas of responsibility including the rules of procedure for the Court en banc, after notice and public hearing, for effecting the purposes of the Workers' Compensation Act" subject to approval by this Court. Okla. Stat. tit. 85, § 1.2(E) (Supp.2010). Rule 2 of the Workers' Compensation Act provides: "Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these rules will be guided by practice or procedure followed in the district courts of this state." Okla. Stat. tit. 85, app. This rule is designed to guide the Workers' Compensation Court on matters not specifically dealt with by its own rules. It does not serve as an avenue to adopt the rules and procedures that govern the district courts. Okla. Stat. tit. 12, app. (Supp.2002). Summary judgment is a procedural mechanism to be used in district court and, absent any legislative action expanding its use, cannot be used in workers' compensation proceedings. *Id.* at Rule 13.

■ ¶10 Workers' compensation, as a whole, is designed to be a summary adjudication process. That process is achieved by filing a Form 9, Motion to Set for Trial, which will allow the judge to decide the issue in question. Okla. Stat. tit. 85, ch. 4, app., Rule 19. A party cannot use Rule 2 to create an entirely new mechanism or procedure in workers' compensation by incorporating district court rules. For instance, in *Snyder v. Smith Welding & Fabrication*, this Court refused to allow parties in the Workers' Compensation Court to use the district court's motion for new trial. The Court stated that a motion for new trial is "a procedural device [that is] unauthorized and unavailable in the compensation court procedure." 1986 OK 35, ¶7, 746 P.2d 168, 170. Summary judgment is not available in workers' compensation proceedings because the Legislature did not confer that power upon the Workers' Compensation Court. A motion for summary judgment in workers' compensation proceedings is not a proper means of adjudication and is therefore, impermissible.

■ ¶11 "When a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to render such judgment...." *Lee v. Harvey*, 1945 OK 63, ¶5, 156 P.2d 134, 135. The parties' attempt to circumvent the district court's judgment amounts to a collateral attack on the judgment which is prohibited. "A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law; that is, in some other way than by appeal, writ of error, certiorari, or motion for a new trial." *State ex rel. Comm'n of Land Office v. Corp. Comm'n*, 1979 OK 16, ¶9, 590 P.2d 674, 677 (citing *Watkins v. Jester*, 1924 OK 888, 229 P. 1085; *Pettis v. Johnston*, 1920 OK 224, 190 P. 681). The Lincoln County district court is a court of general jurisdiction and judgments from that court must be recognized by its sister courts. The district court's order was rendered in November 2008. Mother participated in the proceedings of the district court and had the opportunity to appeal the adverse decision, but did not do so. Her brief to the three judge panel states that she "made the tactical decision to acquiesce in [Wife's] appoint-

ment as Co–Personal Representative, preferring that her status as a common-law wife be litigated in [Workers' Compensation Court]".

¶ 12 Employer argues that the district court's judgment is not applicable to it because it was not a party to the probate proceedings. Even though Employer was not a party to the probate action, the issue of marital status was determined by the district court and Employer is bound by that decision. The attempt to have the same issue adjudicated before another court is barred by issue preclusion. *State ex rel. Dep't of Transp. v. Little*, 2004 OK 74, ¶ 24 & n. 47, 100 P.3d 707, 718–19 ("As a general rule, the doctrine of preclusion operates to enjoin successive attempts to relitigate the same issue in different forums.") ("[O]nce a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim.").

> Issue preclusion prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined.... An issue is necessarily determined if the judgment would not have been rendered but for the determination of that issue. Additionally, the party against whom issue preclusion is interposed must have had a 'full and fair opportunity' to litigate the critical issue in the earlier case.

*Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶ 9, 91 P.3d 673, 677 (citing *Nealis v. Baird*, 1999 OK 98, ¶ 51, 996 P.2d 438, 458). The issue of Decedent and Wife's marital status was resolved by the district court in Lincoln County during the probate proceedings. It was necessary to the probate proceedings for the court to make a finding of Decedent's heirs at law. The court found that Wife and Decedent were in fact common law married and that Wife is Decedent's

surviving spouse. It also found Wife to be Decedent's heir at law.

¶ 13 Employer argues that Mother was party to the probate proceedings, not Employer, and thus it cannot be bound by the decision of the district court. We cannot agree. Privity exist between Employer and Mother which allows the holding of the probate court to be binding against Employer too. "To be in privity, a party must 'actually have the same interest, character, or capacity as the party against whom the prior judgment was rendered.'" *Id.* ¶ 11, 91 P.3d at 677. "[T]he existence of privity depends upon the circumstances and requires 'a person so identified in interest with another that he represents the same legal right.'" *Id.* Employer and Mother have the same interest in regards to Wife's status as surviving spouse. Both parties had the same opportunity in which to have the issue of marital status determined by a court; however, the district court ruled before the issue was addressed by the Workers' Compensation Court. Thus, the Workers' Compensation Court and Employer are both bound by the judgment of the district court.

¶ 14 The district court's finding that Wife is Decedent's surviving spouse and an heir at law is sufficient to establish her claim of surviving spouse entitled to death benefits per the Workers' Compensation Act.[1] The Workers' Compensation Court was bound by that finding. For a surviving spouse to recover death benefits, he or she must be "legally married to a worker at the time of the worker's death, [and] is required only to show that he or she meets the statutory definition of a surviving spouse, rather than that he or she received one-half or more of their support from the employee." *In re Bryan*, 2003 OK 70, ¶ 19, 76 P.3d 653, 659.

¶ 15 During the probate proceedings, Lincoln County district court held that Decedent and Wife were common law married; Wife was Decedent's common law spouse at the time of his death; and Wife

---

1. The Workers' Compensation Act defines a surviving spouse as "only the employee's spouse living with or actually dependent upon the employee at the time of his injury or death, or living apart for justifiable cause or by reason of desertion by the employee" Okla. Stat. tit. 85, § 3.1(A)(2).

was an heir at law. An adjudication of status by a court of "unlimited original jurisdiction of all justiciable matters" is sufficient to accord that same status in a court of limited jurisdiction, such as the Workers' Compensation Court. *Powers v. Dist. Ct. of Tulsa Cnty.*, 2009 OK 91, ¶ 16, 227 P.3d 1060, 1073.

¶ 16 The finding of the district court was offered and considered by the trial tribunal when it found "[Wife] to be entitled to all benefits of surviving wife pursuant to the Workers' Compensation Act." Although the trial tribunal erred by using a summary judgment procedure, its evidentiary finding that Wife met the definition of surviving spouse in the Workers' Compensation Act will not be disturbed on appeal. Therefore, Wife is entitled to death benefits as a surviving spouse.

## IV. CONCLUSION

¶ 17 The three judge panel erred in affirming the trial tribunal's decision to grant summary judgment in this matter because summary judgment is not proper in workers' compensation proceedings. While the trial tribunal reached the correct result, it used an erroneous procedure to do so. *McMillan v. Lane Wood & Co.*, 1961 OK 95, ¶ 0, 361 P.2d 487, 488, (syl. no. 4 by the court). Wife should have filed a Form 9 and attached the probate order from the district court to establish that the issue of marriage had been decided. Despite the fact that Employer was not a party to the probate proceedings, it was in privity with Mother. The adjudication of Wife's status as spouse was binding against both Employer and the Workers' Compensation Court. Finally, Wife's status as surviving spouse is sufficient to establish her entitlement to death benefits under the Workers' Compensation Act. Accordingly, the order of the three judge panel is vacated, and the cause is remanded to the Workers' Compensation Court for an award consistent with this opinion.

ORDER OF THREE JUDGE PANEL VACATED; TRIAL TRIBUNAL VACATED; CAUSE REMANDED FOR PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

CONCUR: COLBERT, V.C.J.; KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

CONCUR IN PART; DISSENT IN PART: WINCHESTER, GURICH, JJ.

DISSENTS: TAYLOR, C.J.

WINCHESTER, J. (with whom TAYLOR, C.J. joins), concurring in part, dissenting in part:

¶ 1 I concur in the majority's holding regarding summary judgment in a workers' compensation proceeding and the resulting remand of the case. However, I cannot agree that decedent's employer was in privity with the decedent's mother after a probate court determined that Ms. Cotton was the common law wife of the deceased. Neither can I agree that the determination of Ms. Cotton's status as wife established her right to a death benefit pursuant to the Workers' Compensation statutes.

¶ 2 The majority opinion holds that a probate court's finding of a common law marriage between Mr. Hyde and Ms. Cotton is binding on Mr. Hyde's employer and the Workers' Compensation Court. The Court characterizes the challenge to Ms. Cotton's status as the surviving spouse of Mr. Hyde by the employer and the decedent's mother as a prohibited collateral attack on the probate court's judgment. I question the conclusion in the majority opinion.

¶ 3 As the majority opinion observes, the employer asserts that because it was not a party to the probate proceedings, the district court's judgment was not applicable to the employer. The Court reasons that this is an attempt to have the same issue adjudicated before another court, which is barred by issue preclusion. The Court cites and quotes *State ex rel. Dept. of Transportation v. Little*, 2004 OK 74, ¶ 24, n. 47, 100 P.3d 707, 718–719. In explaining the definition and elements of issue preclusion, footnote 47 in *Little* observes that the issue preclusion doctrine, formerly known at common law as collateral estoppel, "prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies."

In order for the employer to be prevented from determining Ms. Cotton's status in the Workers' Compensation Court, (1) her status as common law wife must have been actually litigated; and (2) the employer must have been in privity with the mother in the probate case.

¶ 4 So we must first examine whether the issue of Ms. Cotton's status was actually litigated. The majority opinion reveals that during the probate proceeding the mother "withdrew her written objection to Wife's appointment" as a personal representative of the decedent's estate. Preclusive effect is not given to an issue where that issue is never actually litigated. *Cornelius v. Cornelius*, 2000 OK CIV APP 124, ¶ 8, 15 P.3d 528, 531. The facts in *Cornelius* show that the ex-wife appealed a judgment which determined her ex-husband was the natural father of her daughter. The ex-wife contended that the ex-husband could not challenge their previous divorce decree, which stated, "the plaintiff [Mr. Cornelius] is not the father of the minor child recently born to the defendant." *Cornelius*, 2000 OK CIV APP 124, n. 1, 15 P.3d at 529, n. 1. Mr. Cornelius subsequently filed a paternity claim. The man whom the ex-wife believed to be the father intervened in the proceeding and tests revealed a 99% probability that Mr. Cornelius was the father, and the test revealed a zero percent probability that the intervenor was the father. *Cornelius*, 2000 OK CIV APP 124, ¶ 2, 15 P.3d at 529. When examining the issue of the preclusive effect of the divorce decree, Mr. Cornelius explained he did not contest the dissolution because he could not afford an attorney and believed his wife would come back to him. *Cornelius*, 2000 OK CIV APP 124, ¶ 7, 15 P.3d at 530. When asked why he did not pursue paternity, he replied that his wife had told him he was not the father of the child. *Cornelius*, 2000 OK CIV APP 124, ¶ 2, 15 P.3d at 529. The *Cornelius* court found authority for a determination that a divorce decree should not be given preclusive effect on the issue of paternity where it was never actually litigated and the dissolution was based on the parties' stipulations. The court cited *McDaniels v.*

*Carlson*, 108 Wash.2d 299, 738 P.2d 254, 259 (1987)("[C]ollateral estoppel precludes only those issues that have actually been litigated and determined; it 'does not operate as a bar to matters which could have . . . been raised [in prior litigation] but were not.' " [1]). Likewise, in the case now before this Court, where the mother of the deceased decides as a matter of strategy or any other reason not to contest Ms. Cotton's status as a wife, the issue has not been actually litigated. There may be valid reasons not to contest the issue in a probate, even though the party wishes to contest the issue in a Workers' Compensation Court.

¶ 5 Even if the mother of the deceased could be precluded from litigating the issue of Ms. Cotton's status as common law wife in the Workers' Compensation Court, the employer should not be so precluded. The employer does not stand in privity with the mother of the deceased. The majority opinion quotes *Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶ 11, 91 P.3d 673, 677: "[T]he existence of privity depends upon the circumstances and requires 'a person so identified in interest with another that he represents the same legal right.' " In applying this sentence from the *Wilson* case, the majority concludes the employer and mother have the same interest regarding Ms. Cotton's status; both parties had the same opportunity to have the status determined by a court; and the district court happened to make the determination before the Workers' Compensation Court. I must disagree with the majority's conclusions.

¶ 6 The two parties did not have the same interest regarding Ms. Cotton's status with regards to a probate case. Probate is a special statutory proceeding confined to "(1) ascertaining whether decedent died testate or intestate, and if testate, (2) what testamentary disposition, if any, may be admitted to probate, (3) the administration of the estate's assets and (4) the final account and distribution." *Wilson v. Kane*, 1993 OK 65, ¶ 6, 852 P.2d 717, 722. The employer has no standing as a party in this probate case. It has no interest in determination of heirs for the purpose of dividing property of this es-

1. *McDaniels v. Carlson*, 108 Wash.2d 299, 305, 738 P.2d 254, 258.

tate. The employer cannot be precluded from arguing the issue of "surviving spouse" by a probate determination of "common law spouse". The two issues are not the same.

¶ 7 At this point the question concerning privity and the statutory rights required to support an award in the Workers' Compensation Court come together. Title 85 O.S.Supp.2010, § 22 [2] subsection 8 provides income benefits for death in a workers' compensation case. The benefit amounts for particular classes of dependents include the surviving spouse. "Surviving spouse" is defined in 85 O.S.2001, § 3.1(2): " 'Surviving spouse' means only the employee's spouse living with or actually dependent upon the employee at the time of his injury or death, or living apart for justifiable cause or by reason of desertion by the employee...." To meet the requirement for benefits, the claimant must not only be the spouse, but must be (1) living with, or (2) actually dependent upon the deceased at the time of his death, or (3) living apart for justifiable cause or by reason of earlier desertion by the deceased. This is not a matter determined by a probate court, so a ruling that Ms. Cotton is the common law wife absolutely cannot determine her right as "surviving spouse" because the ruling does not determine any of the three elements of 85 O.S.2001, § 3.1(2). The employer is not so identified in interest with decedent's mother in a probate case that it represents the same legal right in a workers' compensation case. Therefore, the employer and the decedent's mother are not in privity with each other, and because the determination of whether Ms. Cotton is the common law wife as an unlitigated issue in a probate case, does not bind the Workers' Compensation Court in the issue of whether Ms. Cotton is the "surviving spouse".

¶ 8 To conclude, looking at the question of issue preclusion in a light most beneficial to Ms. Cotton, the most preclusive effect the probate court could have had on the workers' compensation case was that Ms. Cotton was the spouse. Because the "surviving spouse" issue is different than the "common law wife"

issue, there is no privity between the status of the employer and the decedent's mother. In addition, because there was no actual litigation of the issue in probate court, there is no issue preclusion preventing the Workers' Compensation Court from determining the spousal status of Ms. Cotton.

GURICH, J. with whom TAYLOR, C.J. joins, concurring in part and dissenting in part

¶ 1 I concur with the majority that summary judgment is not a procedure available in the Workers' Compensation Court practice. However, in this case, the trial court ruled only on a question of law at Pre-Hearing Conference, a procedure which may be used by the trial judge to resolve issues prior to trial. I respectfully disagree with the conclusion that a summary judgment procedure must be adopted by statute rather than by court rule. The Legislature delegated the authority to the Workers' Compensation Court to adopt reasonable rules pursuant to Title 85 O.S.2001, § 1.2(E), after public hearing and adoption, subject to the approval of the Supreme Court. For example, the Supreme Court has previously approved Rule 30 of the Rules of the Workers' Compensation Court which authorizes use of subpoenas for the production of documentary evidence in accordance with Title 12 O.S.Supp.2010, § 2004.1(B).

¶ 2 I also concur that the judgment of the district court of Lincoln County which determined that Ms. Cotton is Decedent's common law spouse at the time of his death is binding on the Mother and Employer. *See Anco Mfg. & Supply Co., Inc. v. Swank*, 1974 OK 78, ¶ 37, 524 P.2d 7, 13 (holding prior judgment which determined husband was outside scope of employment precluded subsequent workers' compensation case). However, that determination alone does not establish compensability for death benefits under the Workers' Compensation Act.

---

**2.** Although this statute was amended in 2005, 2009, and 2010, the applicable language has remained the same. Amended by Laws 2005, 1st Extr. Sess., SB 1, c. 1, § 20, emerg. Eff. July 1, 2005; Amended by Laws 2009, SB 901, c. 172, § 1, eff. November 1, 2009; Amended by Laws 2010, HB 2650, c. 452, § 5.

¶ 3 I respectfully dissent from the portion of the majority opinion which finds that Ms. Cotton's status as common law spouse is sufficient to entitle her to death benefits under the Workers' Compensation Act. The term surviving spouse is not synonymous with common law wife. Although, the Pre-Hearing Conference Order contains language that *finds* that Ms. Cotton is entitled to benefits in paragraph 3 of the "The Procedure" section, that language is not included in the "Order" section. The Pre–Hearing Conference Order overruled the objections of the Employer and concludes in the Order that claimant Ms. Cotton was the common law wife of Decedent at the time of his death. The Order on Appeal Affirming the Decision of the Trial Court from the three judge panel, affirmed the trial judge as follows:

> After reviewing the record in this case, and being fully advised in the premises, said Judges find that the *order* of the Trial Judge heretofore entered in this case ... was not contrary to the weight of the evidence nor contrary to law and the same is hereby affirmed. (Emphasis added).

The Claimant's request for a hearing on the motion for summary judgment was filed on a Form 13 Request for a Pre–Hearing Conference and not on a Form 9. It is clear that the trial judge intended to make a preliminary ruling only for the purpose of resolving outstanding discovery requests that focused on the issue of whether or not there was a common law marriage. A Pre–Hearing Conference Order is not intended to serve as a final order on the payment of benefits.[1]

¶ 4 After Ms. Cotton filed a Form 9 requesting a trial, the case was held in abeyance in order to pursue mediation by agreement of the parties. The trial judge then conducted the hearing on the Form 13 request ahead of a trial on compensability. Despite the Form 9 filing, there has been no final determination by the Workers' Compensation trial judge that this claim is compensable. The determination of Ms. Cotton's status as common law wife satisfies only the first statutory requirement in order to be entitled to death benefits. Title 85 O.S.2001 § 3.1(2) defines a surviving spouse as follows:

'Surviving spouse' means only the employee's spouse *living with* or actually *dependent upon the employee* at the time of his death or injury, or *living apart for justifiable cause* or by reason of desertion by the employee. (Emphasis added).

Ms. Cotton should be required to prove entitlement to death benefits because she either lived with Decedent, was dependent on Decedent, or lived apart from Decedent for some justifiable reason. Further, the Employer should be allowed to defend against her claim and to present evidence in furtherance of its case. I would affirm the trial judge's Order that claimant Ms. Cotton was the common law wife of Decedent at the time of his death, but remand this case back to the trial judge for a trial on compensability.

---

1. See Rule 54 of the Rules of the Workers' Compensation Court, 85 O.S.Supp.2006, Ch. 4, App.